## COMMISSIONER OF INTERNAL REVENUE v. FLEMING.

### No. 11519.

Circuit Court of Appeals, Fifth Circuit.

May 8, 1946.

I. Henry Kutz, J. Louis Monarch, and Melva M. Graney, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John T. Rogers, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for Commissioner of Internal Revenue.

Harry C. Weeks and B. L. Bird, both of Fort Worth, Tex., for respondent.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

This is an appeal from a decision of the Tax Court denying a claim by the Commissioner of a deficiency in the gift tax of William Fleming for the year 1938. After the original case had been submitted and briefs filed, the Commissioner amended his answer and raised for the first time the question of the liability of respondent for taxes on certain funds used to purchase insurance on the life of his wife wherein his daughter was named beneficiary.

The facts as found by the Tax Court are these: Pursuant to negotiations carried on by taxpayer and applications therefor made by Mrs. Fleming, two single premium annuity and two single premium life insurance contracts were issued on or about January 3, 1938 upon Mrs. Fleming's life. The premiums were paid by check signed by taxpayer and drawn upon community funds in a bank account under taxpayer's name but from which Mrs. Fleming also was authorized, and did, draw funds. Mrs Fleming was not versed in business affairs and taxpayer invariably handled the business activities carried on by the community.

The annuities provided for annual payments of $933.58 and $310.08, respectively, during the lifetime of Mrs. Fleming and the premiums paid therefor were, respectively, $13,644.90 and $4,508.50. Only three payments were made under each contract and each payment was deposited in taxpayer's bank and used for ordinary purposes. The life insurance policies were in the principal sums of $30,000 and $10,000, respectively, and the premiums were $18,155.10 and $6,091.50, respectively. No physical examination was required of Mrs. Fleming and the insurance policies would not have been issued except for the simultaneous purchase of the annuity contracts. Mary, the daughter of taxpayer, was made the primary beneficiary of both policies.

By the terms of both policies the right to change the beneficiary and the mode of settlement were reserved to the insured. The policies also contained the standard provisions regarding the right of the insured to borrow on the policies and surrender them for a cash value. Taxpayer previously had taken out insurance upon his own life for an even larger sum and the premiums on these policies were also paid with community funds; each policy contained the usual provisions as to the insured's powers, and constituted the daughter the primary beneficiary.

The Tax Court further found that taxpayer's chief reason for causing the policies upon Mrs. Fleming's life to be written was his understanding that the $40,000 to be paid thereunder would be exempt from the Federal estate tax. He gave no thought to the powers granted the insured under the terms of the policies and he did

not intend by his actions in obtaining the annuities and insurance policies to make a gift to his wife. Mrs. Fleming in fact did not attempt to exercise any of the powers vested in her under the terms of the policies.

The policies and contracts contain no provisions purporting to make them, their proceeds, or any rights therein the separate property of Mrs. Fleming.

The Commissioner contends here that the act of the respondent in taking out the policies of insurance in his wife's name, with the rights granted to the named insured (his wife) to change the beneficiaries, borrow on the policies, and surrender them for cash, ipso facto, created a gift of the policies to his wife regardless of what might have been the donative intent of the husband at the time the policies were procured.

■ The Texas decisions lay down the rule that property purchased during coverture with community funds is presumed to be community property, though the title be taken in the name of the wife alone. Mitchell v. Marr, 26 Tex. 329, 330; Belt v. Raguet, 27 Tex. 471; Brick & Tile Inc. v. Parker, 143 Tex. 383, 186 S.W.2d 66; Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139. This presumption may, however, be rebutted by showing that the husband made a gift of the property to the wife. Dudham v. Chatham, 21 Tex. 231, 73 Am.Dec. 228; Carter v. Barnes, Tex.Com.App., 25 S.W.2d 606; Goldberg v. Zellner, Tex.Com.App., 235 S.W. 870.

In Womack v. Womack, the Supreme Court of Texas had before it the right of a wife to the cash surrender value of a policy of insurance that had been purchased with community funds, and wherein she was the designated insured. The court held, expressly overruling contrary decisions, that the policy of insurance was community property without considering the terms of the policy. Womack v. Womack, 141 Tex. 299, 172 S.W.2d 307. Cf. Blaffer v. Commissioner, 5 Cir., 103 F.2d 489. In the Womack case, however, the question of the husband making a gift to the wife apparently was not before the court. Assuming, without deciding, that the Womack case does not as a matter of law dispose of the issue, the decision of the Tax Court must, nevertheless, be affirmed.

■ When we come to consider the strong presumption that property purchased with community funds remains community property, even though title be taken in the name of the wife alone, we do not think the mere fact that the policies contained provisions giving the insured broad powers, created a gift from the husband to the wife, as a matter of law. Manifestly, this is true where the husband gave no thought to the terms of the policies and did not intend at the time to make a gift to his wife. The Tax Court's finding of fact that the transaction did not result in a gift is conclusive here. Sewell's Estate v. Commissioner, 5 Cir., 151 F.2d 806; Dobson v. Commissioner, 321 U.S. 231, 64 S. Ct. 495, 88 L.Ed. 691; Commissioner v. Tower, 66 S.Ct. 532.

■ Under the rules of practice of the Tax Court the burden was upon the Commissioner to establish that a taxable gift was made.[1] We think he wholly failed to discharge the burden imposed upon him and the decision of the Tax Court should therefore be

Affirmed.

---

[1] The burden of proof is on the Commissioner in respect to any new matter pleaded in his answer under Rule 32 of the Rules of Practice before the Tax Court, 26 U.S.C.A. Int.Rev.Code following section 5011.