## CLARK et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10320.

Circuit Court of Appeals, Sixth Circuit.

Dec. 12, 1946.

Wm. P. Heyne, of Canton, Ohio, for petitioner.

Helen Goodner, of Washington, D. C. (Sewall Key, A. F. Prescott and I. Henry Kutz, all of Washington, D. C., on the brief), for respondent.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

The petitioners are all employees of the Timken Roller Bearing Plant of Canton, Ohio, and their wives. They complain of a decision of the Tax Court sustaining the Commissioner of Internal Revenue in the disallowance of deductions from gross income, of amounts paid to the wives of the petitioners for consortium or household services, depreciation upon privately owned motor vehicles used for transportation to and from their place of employment, the cost of accident insurance premiums, amounts expended in the purchase of cigarettes for cigarette taxes levied upon manufacturers and retailers, and amount paid by one of the petitioners to enable his son to return to his station in the military service as a contribution made to the United States for public purposes.

The contention is made that because the Commissioner refunded as an overpayment an excess withheld from the wages of the petitioners under the current "pay-as-you-go" tax plan, this is a final determination under Section 3801, Title 26 U.S.C.A. Int.Rev.Code. The Tax Court rightly held that such refunds are a matter of grace to the taxpayer, are made in consequence of the amount due as shown on the return, are made subject to final audit and adjustment and are not, therefore, the final determinations under the cited section. In respect to the merits we are also in

852

agreement with the decision of the Tax Court that none of the amounts claimed as deductions, except that allowed by the court for cleaning of work clothes necessitated by the hazards of the peetitioners' occupation, is an allowable deduction under the Income Tax Code, wherefore,

The decision of the Tax Court is in all respects hereby affirmed.