CARL H. THORSELL, PETITIONER, *v*. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 19927.   Promulgated December 12, 1949.

*Edward R. May, Esq.*, for the petitioner.
*William C. W. Haynes, Esq.*, for the respondent.

910

OPINION.

ARUNDELL, *Judge*: The question which is presented in this case is whether the petitioner was throughout the year 1943 a bona fide resident of Nassau within the meaning of section 116 (a) (1) of the Internal Revenue Code,[1] as amended by section 148 (a) of the Revenue Act of 1942, so as to be entitled to the exemption for taxes on his earnings in Nassau.

Prior to the amendment of the statute in 1942, physical absence from the United States for a period of six months in the year was sufficient to constitute one a bona fide nonresident in the United States and thus relieve from taxation earnings from outside sources except in the case of income paid by the United States or any of its agencies. The statute with which we are concerned requires that the taxpayer be "a bona fide resident of a foreign country or countries during the entire taxable year" before he may exclude from gross income his earnings from outside of the United States. The Commissioner by regulation has set as a test for establishing that a citizen of the United States is a bona fide resident in a foreign country substantially the same criteria used in determining whether an alien is a resident within the United States for taxation purposes. Regulations 111, secs. 29.116–1 and 29.211–2.[2]

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—

(1) FOREIGN RESIDENT FOR ENTIRE TAXABLE YEAR.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deduction properly allocable to or chargeable against amounts excluded from gross income under this subsection.

[2] SEC. 29.116–1. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—For taxable years beginning after December 31, 1942, there is excluded from gross income earned income in the case of an individual citizen of the United States provided the following conditions are met by the taxpayer claiming such exclusion from his gross income: (a) It is established to the satisfaction of the Commissioner that the taxpayer has been a bona fide resident of a foreign country or countries throughout the entire taxable year; (b) such income is from sources without the United States; (c) the income constitutes earned income as defined in section 25 (a) if received from sources within the United States; and (d) such income does not represent amounts paid by the United States or any agency or instrumentality thereof. Hence, a citizen of the United States taking up residence without the United States in the course of the taxable year is not entitled to such exemption for such taxable year. However, once bona fide residence in a foreign country or countries has been established, temporary absence therefrom in the United States on vacation or business trips will not necessarily deprive such individual of his status as a bona fide resident of a foreign country. Whether the individual citizen of the United States is a bona fide resident of a foreign country shall be determined in general by the application of the principles of sections 29.211–2, 29.211–3, 29.211–4, and 29.211–5 relating to what constitutes resi-

On facts not substantially different from those present in the instant case, this Court, in *Arthur J. H. Johnson*, 7 T. C. 1040, and *Michael Downs*, 7 T. C. 1053; affd., 166 Fed. (2d) 504; certiorari denied, 334 U. S. 832, concluded that the taxpayers therein were not bona fide residents of foreign countries and that their earnings while so employed in the foreign countries were taxable as a part of their gross income. We think those cases are dispositive of the issue raised in this case.

The petitioner has since 1927 been an employee of the Travelers Insurance Co. of Hartford, Connecticut. That company in the spring of 1942 wrote a policy of insurance with a contractor about to build airfields in Nassau, which policy covered workmen's compensation claims, public liability claims, and public damage claims which might arise incident to the contemplated job. Petitioner's work was to represent the insurance company on the ground and service the policy. It was contemplated that the job would be completed within from three to six months, but petitioner was to stay until the work was done, even though it might take a longer time. Changes in plan and delays incident to the war did extend the period of the work and petitioner in fact spent nineteen months in Nassau. During that period he lived at hotels and his expenses were paid by his employer. His family remained at home in Connecticut and he never had any intention of bringing them to Nassau, and in fact he continued to keep all his family business and other ties in his home community. He, of course, intended to return to the United States as soon as this particular undertaking was completed, and the insurance company had no thought of establishing an office in Nassau or permanently locating an agent there. Petitioner expected during the year 1943 that the work would be completed at an earlier date than it was, but it appears

---

dence or nonresidence, as the case may be, in the United States in the case of an alien individual.

Sec. 29.211–2. Definition.—A "nonresident alien individual" means an individual—

(a) Whose residence is not within the United States; and

(b) Who is not a citizen of the United States.

The term includes a nonresident alien fiduciary.

An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the *length and nature of his stay*. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances. [Emphasis supplied.]

to have extended throughout the entire year and it was not until the first of 1944 that he actually returned to the United States.

We think in these circumstances petitioner was what the regulation characterizes as a sojourner rather than a bona fide resident of Nassau, and, although his stay may have been in a sense indefinite, it was decidedly temporary and incident to a very limited undertaking. On this issue we think the respondent must prevail.

Petitioner raised in the pleadings an issue having to do with the inclusion in the deficiency notice of a sum equivalent to an amount theretofore refunded. This matter is not discussed on brief and it may be that petitioner no longer urges the issue. It appears that petitioner asked for a refund on his 1943 return solely on the ground that he earned his entire salary in Nassau, while a bona fide resident of that place. A refund in the amount of $293.59, plus interest, was made by the collector in February 1945, which refund was accompanied by a note from the collector to the effect that this was done subject to a final audit of petitioner's return. In the deficiency notice an amount was determined which permitted of the recovery of the erroneous refund. We think there is no merit in petitioner's contention that a tax refunded under these circumstances may not be recovered by the administrative processes of assessment and collection. This matter was decided adversely to petitioner's contention in *Clark* v. *Commissioner*, 158 Fed. (2d) 851. In that case the court said "that such refunds are a matter of grace to the taxpayer, are made in consequence of the amount due as shown on the return, are made subject to final audit and adjustment, and are not, therefore, the final determinations under the cited section" (sec. 3801, I. R. C.). See *Henry C. Warren*, 13 T. C. 205.

The petition also asked in the alternative for the deduction of certain expenses incident to sending petitioner's oldest boy to a private school, on the ground that this had to be done because of petitioner's absence from the United States. This matter was not argued on brief, but, in any event, the contention is without merit, as under section 24 of the Internal Revenue Code, personal living or family expenses are not deductible.

Petitioner's allegation in his petition that respondent erred in denying as a deduction certain unreimbursed entertainment expenses finds no support in the record.

*Decision will be entered for the respondent.*