## MILLEG v. UNITED STATES et al.
### Civ. 10701.

United States District Court,
E. D. New York.

Dec. 19, 1950.

George Dyson Friou, New York City, for plaintiff.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., for defendants (Frederic G. Rita, Sp. Asst. to Atty. Gen., and M. Jay Meckler, Asst. U. S. Atty., New York City, of counsel).

BYERS, District Judge.

This is a plaintiff's motion now stipulated to be for summary judgment under Fed. Rules Civ.Proc. rule 56, 28 U.S.C.A.

The plaintiff seeks to recover income tax payments made by her, with interest, as follows:

| Year | Amount |
|------|--------|
| 1942 | $266.79 |
| 1943 | 228.90 |
| 1944 | 479.00 |
| 1945 | 412.51 |
| 1946 | 408.34 |
| Total .............. | $1,795.54 |

The plaintiff has duly demanded a refund as to each said payment, none of which has been made; these claims for refund "have not been allowed or rejected" according to applicable provisions of the Internal Revenue Code, 26 U.S.C.A., and as to each a reasonable time has elapsed for such allowance or rejection, etc.

The plaintiff's challenge is to the constitutionality of Sections 22(b) (3) and 162 (d) of the Internal Revenue Code accord-

ing to the Act of 1942, in so far as they operate to tax as income, so much of a bequest as was in fact paid from income even though invasion of the capital funds of a testamentary trust would have been authorized, should the income yield not have been sufficient to provide the annual payment directed to be made to the beneficiary.

The text of the questioned provisions is to be found in the margin.[1]

This complaint was filed March 15, 1950, and as part of the record as now made an additional fact is established for such effect as it may have, namely, that for the year 1947 a tax was paid March 10, 1948, in the sum of $399.15 together with a claim for refund based upon the same claim as is here asserted concerning these prior years, which was allowed by the Collector, and a check for the said amount with interest computed to November 16, 1948, was issued to the taxpayer.

In her own language: "In substance I claimed that the money I received under the will is a testamentary gift and is not income and not taxable as income."

It was stated on the argument, in answer to a question, although it nowhere appears in the motion papers, that in each year here in question the annual payment to the plaintiff under the testamentary provisions about to be quoted, was made from income of the corpus of the estate, so that no actual invasion thereof was involved as to any such year.

This decision will proceed upon the theory that such a state of facts has been shown.

The testamentary provisions are quoted from the will of William A. Milleg, the deceased husband of plaintiff, who died January 24, 1939, which will was duly admitted to probate in the office of the Surrogate of Kings County in this District, on February 27, 1940:

"Sixth: All the rest, residue and remainder of my estate, whether real or personal property, I give, devise and bequeath to my trustees hereinafter mentioned, In Trust Nevertheless to collect the rents, issues and profits thereof and to pay to my beloved wife, Mary R. Milleg the sum of

---

1. Internal Revenue Code:
   "§ 22.  Gross income

   *    *    *    *    *    *

   "(b) (As amended by Sec. 111(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798)

   *Exclusions from gross income.* The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

   *    *    *    *    *

   "(3) *Gifts, bequests, devises, and inheritances.* The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property;  *  *  *"  26 U.S.C.A. § 22.

   "§ 162.  Net income

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

   *    *    *    *    *    *

"(d) (Added by Sec. 111(c) of the Revenue Act of 1942, *supra) Rules for application of subsections (b) and (c)*. For the purposes of subsections (b) and (c)—

"(1) *Amounts distributable out of income or corpus.* In cases where the amount paid, credited, or to be distributed can be paid, credited, or distributed out of other than income, the amount paid, credited, or to be distributed (except under a gift, bequest, devise, or inheritance not to be paid, credited, or distributed at intervals) during the taxable year of the estate or trust shall be considered as income of the estate or trust which is paid, credited, or to be distributed if the aggregate of such amounts so paid, credited, or to be distributed does not exceed the distributable income of the estate or trust for its taxable year.  *  *  *"

   *    *    *    *    *

26 U.S.C.A., 1946 Ed., § 162.

660

Two Hundred and Fifty ($250) Dollars per month of each year, during the term of her natural life or until she remarries."

"Tenth: I do hereby authorize my executors and trustees, in the event that my income is not sufficient to pay to my beloved wife, Mary R. Milleg, the sum provided in paragraph 'Sixth' of this my last Will and Testament, that they may use so much of the principal thereof as may be necessary to make up such deficit."

It is assumed for present purposes that the concluding paragraph quoted is legally efficacious to justify an invasion of the capital of the estate by the executors and trustees in order to make the payments specified, if the income should prove inadequate for that purpose.

It is further assumed that if this cause had to do with income tax payments pursuant to the provisions of the Revenue Act of 1921, the plaintiff would have recovered the judgment which she here seeks, within the holding of Burnet, Commissioner of Internal Revenue, v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed..916. Further, it is assumed that the purpose entertained by Congress, in enacting the said provisions of the Internal Revenue Code of 1942, was to render taxable the income component of such a bequest, and thus to avoid the impact of that decision. See discussion in Coleman v. Commissioner of Internal Revenue, 3 Cir., 151 F.2d 235, at pages 238 and 239.

The position of the plaintiff, if understood, is that the Congress could not constitutionally accomplish such a purpose, and its efforts to that end must be held for naught in respect of the said several tax payments.

The argument seems to run that the will having been probated in 1940 in New York, its legal effect is to be deemed as established according to State law as shown in the Estate Tax proceedings from which it appears that the plaintiff's inheritance was taxed upon the basis that would have applied to an annuity of $3,000. From this it is said to follow that Congress could not, in the exercise of its power to impose income taxes pursuant to the 16th Amendment, exact an income tax upon income which conceivably might fall short of equaling the sum which the testator desired his beneficiary to receive, and to guard against the failure of which, recourse could be had to capital.

It seems that the short answer to this would be that Congress has not sought in the 1942 Statute to tax anything to the beneficiary, but income; and that what she received from the trustees of her husband's estate, in any of these years, did not lose its character as income in her hands because it might have included a portion of capital if the necessity had arisen in a given year, but did not.

The dissenting opinion in Helvering v. Butterworth, 290 U.S. 365, at page 371, 54 S.Ct. 221, 78 L.Ed. 365, seems to portray just such a situation as is here present.

The plaintiff's attack upon the constitutionality of the provisions cited is that here they have been given retroactive effect which is repugnant to the Fifth Amendment, citing Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 565, 82 L.Ed. 858. That case had to do with Section 302(c) of the Revenue Act of 1926, as amended by Joint Resolution of March 3, 1931, and Section 803(a) of the Revenue Act of 1932, 26 U.S.C.A. § 811(c), and the attempt to include in the gross estate, for estate tax purposes, certain property irrevocably transferred by a decedent prior to those enactments. Such attempted retroactive effect was denied in an opinion which confined the legislative enactments to prospective operation. The opinion concludes as follows: "Holding this view, we need not consider the contention that the statutes as applied to the transfers under consideration deprive the respondents of their property without due process in violation of the Fifth Amendment."

In order that this plaintiff may be heard to assert this constitutional objection, she must first demonstrate that she possessed in 1942 a property in her husband's estate of which she has been deprived without due process. She properly asserts that the legal character of her inheritance is to be determined by the law of New York.

The cases cited have been consulted since there has been no judicial construction of this will, and it is thought that plaintiff's inheritance falls within the generally recognized category of annuities as discussed, for instance, in Matter of Fowler, 263 App.Div. 255, 32 N.Y.S.2d 700, and Matter of Provot, 188 Misc. 802, 62 N.Y.S. 2d 437, 439. In the latter, as to a bequest of this general nature, it is said: " * * * it would be a misnomer to call the provisions for the life beneficiary a common-law annuity * * *." It is not too much to say that this residuary provision has not thus far been administered as an annuity, and for all that is presently known, it may never emerge from its present inchoate status having that aspect.

It is apparent that this plaintiff's residuary bequest is intended to yield $3,000 per year from rents, issues and profits, and that possible invasion of the capital to accomplish that purpose is a safeguard to her which conceivably could reduce the income component of her inheritance and thus her income tax liability from year to year, depending upon the extent to which the capital or corpus may so be requisitioned; but if that should come to pass, it would not be her property which would be taken, but that of the remaindermen. Nor would this be the inevitable result of imposing an income tax upon her, since there is no provision of the will now brought into question establishing immunity from tax upon income in the hands of this beneficiary. If this reasoning is contrary to the theory of the decision in the Whitehouse Case, supra, it will be recalled that Congress has changed the law, and what is here written can be tolerated perhaps, as an effort to show that Congress did not exceed its constitutional powers in enacting the challenged sections of the 1942 Act. No constitutional infirmity was discovered in Carlisle v. Commissioner of Internal Revenue, 165 F.2d 645, at page 648, 1 A.L. R.2d 1277, nor can one be perceived by this Court.

To the extent that this plaintiff has received income from the trustees of her husband's estate, there can be no constitutional objection to her paying an income tax upon it. The argument concerning the ever receding value of the dollar does not touch this question, nor can it be successfully maintained that the federal income tax law as it was at the probate of the will in 1940 "is part of the will and must be read into it" (Point VII).

It may be assumed that this testator esteemed his will in the belief that the Whitehouse Case, supra, decided in 1931, correctly applied the Revenue Act of 1921, but manifestly he could not thereby control the Congressional exercise of legislative power in 1942, under the 16th Amendment, two years after his will should be admitted to probate.

It has been the effort thus far to demonstrate that the law under which these challenged payments of income tax were made, did not violate the constitutional rights of the plaintiff. If that attempt shall prove to be unsuccessful, it will not be because of the action of the Collector touching the refund made of the 1947 tax.

At most, that is an administrative ruling at variance with this decision. It is not understood that the Court is relieved of responsibility for present adjudication by that departmental action. Nor is there any ruling cited in connection therewith, which would require deferential consideration according to accepted principles of interpretation and construction. This plaintiff's cause is squarely based upon the constitutional question which has been somewhat discussed, and that obviously cannot be foreclosed by departmental ruling. It is not understood that plaintiff argues to the contrary.

It results that the plaintiff's motion for summary judgment must be denied; if a cross-motion had been made by defendant for that relief, it would have been granted.

Settle order.