MARY R. MILLEG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34639.   Promulgated December 8, 1952.

*George Dyson Friou, Esq.*, for the petitioner.
*Robert R. Blasi, Esq.*, for the respondent.

---

**OPINION.**

VAN FOSSAN, *Judge:* The initial question to be determined is whether the respondent is barred from determining the deficiency in the petitioner's 1947 income tax because of the prior refund. Section 3746 of the Internal Revenue Code [1] allows recovery by suit in the

---

[1] SEC. 3746. SUITS FOR RECOVERY OF ERRONEOUS REFUNDS.

(a) REFUNDS AFTER LIMITATION PERIOD.—Any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) refund of which is erroneously made, within the meaning of section 3774, may be recovered by suit brought

name of the United States within two years of a refund which is erroneously made. In the present instance the refund was made on November 16, 1948. The notice of deficiency was mailed on March 1, 1951, and the petitioner contends that the determination of the deficiency is barred by the lapse of more than two years. The respondent did not allege fraud or misrepresentation. The notice of deficiency was mailed within three years of the filing of the return and falls within the statutory limitation prescribed by section 275 (a), I. R. C.[2]

We believe the petitioner's contention to be erroneous. There was neither a closing agreement[3] nor a valid compromise[4] in the instant case. Refunds of taxes paid under the "pay as you go" income tax plan, without audit, are not final determinations under section 3801,

in the name of the United States, but only if such suit is begun within two years after the making of such refund.

(b) REFUNDS OTHERWISE ERRONEOUS.—Any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) which has been erroneously refunded (if such refund would not be considered as erroneous under section 3774) may be recovered by suit brought in the name of the United States, but only if such suit is begun before the expiration of two years after the making of such refund.

(c) REFUNDS BASED ON FRAUD OR MISREPRESENTATION.—Despite the provisions of subsections (a) and (b) such suit may be brought at any time within five years from the making of the refund if it appears that any part of the refund was induced by fraud or the misrepresentation of a material fact.

\* \* \* \* \* \* \*

[2] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION. Except as provided in section 276—

(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

[3] SEC. 3760. CLOSING AGREEMENTS.

(a) AUTHORIZATION.—The Commissioner (or any officer or employee of the Bureau of Internal Revenue, including the field service, authorized in writing by the Commissioner) is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period.

(b) FINALITY.—If such agreement is approved by the Secretary, the Under Secretary, or an Assistant Secretary, within such time as may be stated in such agreement, or later agreed to, such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact—

(1) The case shall not be reopened as to the matters agreed upon or the agreement modified, by any officer, employee, or agent of the United States, and

(2) In any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

[4] SEC. 3761. COMPROMISES.

(a) AUTHORIZATION.—The Commissioner, with the approval of the Secretary, or of the Under Secretary of the Treasury, or of an Assistant Secretary of the Treasury, may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General may compromise any such case after reference to the Department of Justice for prosecution or defense,

I. R. C.[5]  *Clark* v. *Commissioner*, 158 F. 2d 851, affirming a Memorandum Opinion of this Court entered April 1, 1946; *Henry C. Warren*, 13 T. C. 205.  In these instances the refunds arose from taxes paid under the withholding of wages method, whereas here the taxes were paid under the declaration of estimated tax method.  In the *Warren* case the deficiency was upheld despite the fact that the notice of deficiency was mailed more that two years after the refund was made but within three years of the filing of the return.  Section 3746, I. R. C., was held inapplicable.  Similarly, in *Carl H. Thorsell*, 13 T. C. 909, a prior refund of taxes withheld from salary did not bar the determination of a deficiency for that year.  In *Burnet* v. *Porter*, 283 U. S. 230, the Supreme Court of the United States upheld the right of the respondent to allow a claim for refund and at a later date reopen the case and redetermine the tax.  We believe the principle applied in the aforementioned cases is applicable here.  The allowance of the refund was not a final determination and the respondent determined the deficiency within the time allowed under the statutory provisions. In the absence of a closing agreement, valid compromise, final adjudication or the running of the statute of limitations, the respondent may make new and different assessment against the same taxpayer, for the same year, and in respect of the same type of tax.  *William Fleming*, 3 T. C. 974, affd. 155 F. 2d 204.  The respondent did not seek recovery of the refund in a suit brought in the name of the United States but determined the deficiency within the time allotted to him. The respondent's determination is not barred by the statute of limitations.

The second issue presented for determination is whether the amounts received by the petitioner in 1947 were taxable as income to her. Under her deceased hubsand's will, the trustees of the testamentary trust were to collect the rents, issues and profits of the residuary

---

[5] SEC. 3801. MITIGATION OF EFFECT OF LIMITATION AND OTHER PROVISIONS IN INCOME TAX CASES.

(a) DEFINITIONS.—For the purpose of this section—

(1) DETERMINATION.—The term "determination under the income tax laws" means—

(A) A closing agreement made under section 3760 ;

(B) A decision by the Board of Tax Appeals or a judgment, decree, or other order by any court of competent jurisdiction, which has become final ; or

(C) A final disposition by the Commissioner of a claim for refund.  For the purposes of this section a claim for refund shall be deemed finally disposed of by the Commissioner—

(i) as to items with respect to which the claim was allowed, upon the date of allowance of refund or credit or upon the date of mailing notice of disallowance (by reason of off-setting items) of the claim for refund, and

(ii) as to items with respect to which the claim was disallowed, in whole or in part, or as to items applied by the Commissioner in reduction of the refund or credit, upon expiration of the time for instituting suit with respect thereto (unless suit is instituted prior to the expiration of such time).

such term shall not include any such agreement made, or decision, judgment, decree, or order which became final, or claim for refund finally disposed of, prior to August 27, 1938.

*     *     *     *     *     *     *

property and to pay the petitioner $250 per month during her life or until she remarried. The trustees were authorized, in the event that the income was insufficient to pay this amount, to use the principal to make up the deficit. It is apparent that the testator wished the funds for payment to come first from income, and secondly, from principal if the income was insufficient.

Section 22 (b) (3), I. R. C.,[6] excludes from gross income and exempts from income taxation property acquired by gift, bequest, devise or inheritance. Not excluded is the income from such property or income which is a gift, bequest, device, or inheritance. If payment, crediting, or distribution of a gift, bequest, devise, or inheritance is to be made at intervals it is to be considered a gift, bequest, devise, or inheritance of income from property to the extent that it is paid, credited, or to be distributed out of income. It does not appear from the record that any portion of the payments to the petitioner in 1947 was made from the corpus of the property held in trust rather than the income which was to be first used for this purpose. The petitioner had the burden to prove otherwise. The petitioner relies upon *Burnet* v. *Whitehouse*, 283 U. S. 148. The will there in question provided the testator's widow with an annuity of $5,000. The executors were empowered to retain and hold any personal property belonging to the testator at his death and to set aside and hold any part thereof to provide for the payment of any annuity given by the testator. The Supreme Court held, under section 213 of the Revenue Act of 1921,[7] that the annuity was not taxable to the widow. The testamentary provisions there in question provided an annuity which was not related to income, as is

---

[6] SEC. 22. GROSS INCOME.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter :

\*　　\*　　\*　　\*　　\*　　\*　　\*

(3) GIFTS, BEQUESTS, DEVISES, AND INHERITANCES.—The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property ;

\*　　\*　　\*　　\*　　\*　　\*　　\*

[7] Gross Income Defined.

Sec. 213. That for the purposes of this title (except as otherwise provided in section 233) the term "gross income"—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(b) Does not include the following items, which shall be exempt from taxation under this title:

\*　　\*　　\*　　\*　　\*　　\*　　\*

(3) The value of property acquired by gift, bequest, devise, or descent (but the income from such property shall be included in gross income) ;

\*　　\*　　\*　　\*　　\*　　\*　　\*

the case here. The will here in question required the trustees to collect the income and to pay the petitioner $250 per month. Although the will did not *in haec verba* provide that the payments were to be made from the income so collected, it evidences such an intention by the provision to invade the principal *in the event* the income is insufficient. One difference between the *Whitehouse* case and the one before us lies in the intention of the testator to have the payments to the petitioner here come first from income. It is true that in either case the payments could possibly be derived partly from income and principal or solely from either source, depending upon the circumstances. However, despite the similarities which might be demonstrated between the cases, the petitioner here cannot prevail because of the statutory changes enacted subsequent to the *Whitehouse* decision. Section 111 of the Revenue Act of 1942 added to section 22 (b) (3), I. R. C., the provisions regarding the non-exclusion from gross income of payments, credits or distributions at intervals of a gift, bequest, devise, or inheritance to the extent that such are made from income. That this provision changed the law applicable here is of little doubt. *Coleman* v. *Commissioner*, 151 F. 2d 235.

This Court has held that monthly payments made in accordance with a prenuptial agreement, confirmed by will, were includible in the gross income of the recipient when paid out of income. *Alice M. Townsend*, 12 T. C. 692, affd. 181 F. 2d 502. In that instance the payments were to be made without regard to the availability of income although they were derived from this source. We noted the *Whitehouse* decision and said at page 694:

* * * Congress then enlarged section 22 (b) (3) in the Revenue Act of 1942 (see sec. 111 (a)) to change the law so that a gift payable "at intervals (regardless of income)" would be taxable income to the donee as received if paid out of income. * * *

In the present case, as in the case above cited, the payments to the petitioner were to be made at monthly intervals. The corpus in both instances was available for use. Moreover, the payments in the *Townsend* case were not required to be made first from income, as is true here. The payments in both instances were made from income as far as can be ascertained. The *Townsend* case was followed in *Raye E. Copeland*, 12 T. C. 1020, where, by codicil, an annuity of $1,500 was to be paid quarterly and the payments were actually made from income although no instruction to use income for this purpose was evidenced in the will. In fact, it appears that the testator directed how all of his income was to be distributed but did not include the annuity in these instructions. The petitioner relies upon *Lydia Hopkins*, 13 T. C. 952, but that portion of the decision dealing with the application of section 22 (b) (3), I. R. C., was concerned with another ques-

tion. The issue discussed by the Court with relation to this section of the statute was whether the taxpayer would be taxed upon amounts acquired from property or as income from property not owned by a decedent at the time of his death.

From what appears to be the plain intention of Congress in revising section 22 (b) (3), amounts paid at intervals as a gift, bequest, devise, or inheritance are not to be excluded from the gross income of the recipient to the extent that they are paid out of income. This provision applies to the case at bar and, in view of the change of law, the *Whitehouse* decision is inapplicable. The amounts in question here were paid at intervals as a devise, bequest, or inheritance out of income of property placed in trust. A similar result for prior years for the same taxpayer upon the same testamentary provisions was reached in *Milleg* v. *United States*, 94 F. Supp. 658. We hold that the amounts received during 1947 by the petitioner from the trust were includible in taxpayer's gross income.

*Decision will be entered for the respondent.*