RICHARD E. WARNER AND VIRGINIA A. WARNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Warner v. Commissioner
Docket No. 8012-72.
United States Tax Court
T.C. Memo 1974-243; 1974 Tax Ct. Memo LEXIS 73; 33 T.C.M. (CCH) 1080; T.C.M. (RIA) 74243; September 19, 1974, Filed. *73 Held, respondent's determination of a deficiency within 3 years of the filing of a return is not barred by the granting of a refund claimed on the return more than 2 years prior to the determination. Sec. 6532(b), I.R.C. 1954, not applicable. Richard E. Warner, pro se. George W. McDonald, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1969 in the amount of $683. The issues are (1) whether petitioners understated their taxable income by the amount of $3,999.84 in their return for the year 1969 and (2) whether assessment and collection *75 of any deficiency in income tax for the year 1969 is barred by the statute of limitations. This case was submitted on a fully stipulated set of facts. The stipulation of facts is incorporated herein by this reference. Petitioners were husband and wife who resided in Temecula, Calif. Petitioners resided in California during the entire taxable year 1969 and at the time of the filing of the petition herein were residents of Temecula, Calif.
Petitioners filed a joint individual income tax return for the year 1969 prior to April 15, 1970. Attached to the petitioners' income tax return was a Treasury Department Form W-2 which indicated "Federal Income Tax Withheld" of $2,069.62, "Wages Paid Subject to Withholding in 1969" of $12,631.43, and "Other Compensation Paid in 1969" of $3,999.84. The return listed petitioners' adjusted gross income as $12,631. No tax liability was listed, and a refund was requested of the full amount of the Federal income tax withheld. By check dated May 15, 1970, petitioners received a refund for 1969 in the amount of $20.70. Petitioners telephoned the Ogden, Utah, Internal Revenue Service office to report the error in the refund they had received. *76 A follow-up telephone call was made a few days later, and petitioners were advised by respondent's representative that their W-2 form had been lost and they were requested to forward a copy of it. The petitioners complied with this request, and as a result, a check dated June 26, 1970, in the amount of $2,070.15 was issued to petitioners. With petitioners' 1970 income tax return a registered letter dated February 22, 1970, was sent by petitioners to the Internal Revenue Service Center, Western Division, Ogden, Utah, calling attention to a possible error or omission by petitioners on their 1969 return. The letter requested the Internal Revenue Service to check into the matter and if an error or omission had been made, authorized the Internal Revenue Service to deduct any deficiency from petitioners' 1970 refund. Respondent did not acknowledge the letter, and issued a refund check for 1970 to petitioners in the full amount claimed on the return for that year. Within a few months petitioners were notified by the respondent that they were to be audited for the year 1969. Petitioners submitted to a partial audit by authorizing the Internal Revenue Service auditor to select any *77 category of receipts from petitioners' records. The auditors examined petitioners' telephone expense deductions and petitioners' offered to permit an audit of any other category of business expenses. Petitioners declined further audit except by disinterested third parties. Petitioners were sent a Report of Audit Changes indicating a proposed deficiency of $2,106 and appealed to the district conferee. The district conferee accepted the substantiation offered by petitioners of all of their employee business expense deductions. Respondent subsequently issued a notice of deficiency dated July 26, 1972, asserting a deficiency of $683 against petitioners based upon petitioners' failure to include the $3,999.84, listed as "Other Compensation Paid in 1969" on their W-2 form for 1969 in their taxable income for that year. Petitioners timely filed a petition in this Court. When this case was called for trial, petitioner Richard W. Warner, who was representing petitioners, stated orally on the record that petitioners were not contesting the fact that they had failed to include in their taxable income for the year 1969 the $3,999.84 of other compensation received in 1969, that they *78 were not contesting the underlying deficiency, and that the case would be submitted on a fully stipulated set of facts. We, therefore, find that petitioners omitted from their taxable income for the year 1969 the aforesaid amount of $3,999.84 upon which the deficiency is based. Petitioners' argument, as we understand it, is that the omission of $3,999.84 from their taxable income was apparent from the W-2 form filed with the return, that additionally they informed the Internal Revenue Service when they filed their 1970 return of the possible omission on their 1969 return, and that the failure of the Internal Revenue Service to act on this information until more than 2 years after the payment to petitioners of a refund for 1969 bars the later assessment and collection of the deficiency under the provisions of sections 6501(e), 6532(b), and 7405 of the Internal Revenue Code of 1954 (hereinafter referred to as the Code). Respondent contends that none of the aforementioned sections of the Code are applicable, that all appropriate procedures for the assertion of the deficiency were followed, and that the notice of deficiency was sent to petitioners well before the expiration of the *79 3-year statute of limitations provided for in section 6501(a) of the Code. Section 6532(b) of the Code provides that the recovery of an erroneous refund of tax by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund. Petitioners maintain that since the Government did not bring suit within 2 years after the making of the refund, they cannot now bring an action for the recovery of the erroneous refund. The obvious fallacy in petitioners' argument is that the procedure followed by respondent in this case is not a suit for the recovery of an erroneous refund under section 7405 of the Code. Instead of following that procedure respondent issued a notice of deficiency under section 6212 of the Code, which he was entitled to do, as hereinafter discussed. Hence, the limitation period provided in section 6532(b) is not applicable. In Clark v. Commissioner, 158 F.2d 851 (C.A. 6, 1946), it was held that - Refunds of alleged excess withheld from wages under "pay-as-you-go" income tax plan are a matter of grace to taxpayer made in consequence of amount due as shown on return, are subject to final audit and adjustment, *80 and hence are not final determinations so as to preclude subsequent disallowance of deductions. * * * [Headnote.] The rule established in the Clark case has been relied on in numerous cases decided by this Court to hold that the respondent is not precluded by making tentative refunds of amounts claimed on taxpayers' returns from proceeding in the oridinary manner to audit the taxpayers' returns for those years, increase income or disallow deductions, and issue notices of deficiency under section 6212 for any additional tax determined to be due. Henry C. Warren, 13 T.C. 205 (1949); Carl H. Thorsell, 13 T.C. 909 (1949); Mary R. Milleg, 19 T.C. 395 (1952); Rendell Owens, 50 T.C. 577 (1968); John S. Neri, 54 T.C. 767 (1970). The Neri case involved a tentative refund resulting from a claimed operating loss carryback and we rejected the taxpayer's argument that the erroneous refund procedure was exclusive. We conclude that respondent was authorized to follow the deficiency procedure in this case, rather than proceed under section 7504 to collect an erroneous refund, and that the applicable statute of limitations is *81 that prescribed in section 6501(a) of the Code. Section 6501 provides that an assessment may be made at any time within 3 years of the date the return was due to be filed. Section 6212 authorizes respondent to issue a notice of deficiency to a taxpayer if he determines that there is any additional tax due from the taxpayer. Section 6213(a) provides generally, with exceptions not here relevant, that no assessment or collection of the deficiency in tax may be made until a notice of deficiency has been mailed to the taxpayer. In this case petitioners' return for 1969 was due and was filed on or before April 15, 1970. The 3-year statute of limitations provided in section 6501(a) did not expire until April 15, 1973. The notice of deficiency was mailed to petitioners on July 26, 1972, prior to the expiration of the period of limitations prescribed by section 6501(a).Hence, respondent is not barred from assessing and collecting the deficiency in tax for the year 1969. The deficiency resulting from the omission of $3,999.84 of taxable income is $683 as determined in the notice of deficiency. Petitioners note that section 6501(e) (1) (A) (ii) provides that in determining an amount *82 omitted from gross income, there shall not be taken into account any amount that is disclosed in the return or in a statement attached thereto. Petitioners contend that since the amount of the reimbursement for travel expenses, the $3,999.84 here involved, was shown on the W-2 form attached to the return, the Government was apprised of the nature and amount of such item, and since it did not include such amount in petitioners' income prior to making the refund, respondent cannot now assert a deficiency with respect to the unreported reimbursed income. Section 6501(e) relates to the special 6-year statute of limitations which applies where there is a 25-percent omission of gross income from the return. It has nothing to do with erroneous refund actions, and is an exception to the general 3-year statute applicable under section 6501(a) to assertions of deficiencies. It has no application to the present case, and petitioners' reliance thereon is misplaced. We find no support for petitioners' arguments in the several cases they cite without discussion in their briefs. Neither do we find merit in any of the various motions filed by petitioners both before and after this case was *83 submitted, and they are denied. Our conclusion herein based on the merits makes respondent's motion to dismiss for lack of prosecution moot. Decision will be entered for the respondent.