GORDON L. KRIEGER AND MARY E. KRIEGER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3489-74. Filed May 8, 1975.

Gordon L. Krieger, pro se.
*David M. Berman,* for the respondent.

OPINION

RAUM, *Judge:* The Commissioner determined a deficiency of $623.03 in petitioners' income tax for the calendar year 1968. The deficiency is based upon an excessive net operating loss claimed for 1970 which resulted in an excessive carryback and refund for 1968. The fact that the refund for 1968 was excessive in the amount determined by the Commissioner is not in controversy, and the only matter in issue is whether the Commissioner was barred by limitations from determining the deficiency for 1968. All of the facts have been stipulated.

Petitioners are husband and wife and resided in Boca Raton, Fla., at the time they filed the petition herein. They filed joint income tax returns for the calendar years 1967, 1968, and 1970.

Petitioners' return for 1970 was dated April 26, 1971, and was received by the Internal Revenue Service on May 10, 1971. On the basis of the items set forth in that return petitioners computed a claimed $7,431.65 net operating loss, and, on May 24, 1971, filed an application for a tentative refund predicated upon a carryback of that net operating loss. They in fact received a refund of $873.01 with interest, for a total of $907.01, for the year 1968. However, it is undisputed that the claimed $7,431.65 net operating loss for 1970 was excessive, and that when the correct amount ($5,031.98) was carried back, first to 1967, there remained a balance of $1,087.55 to be carried over to 1968. Accordingly, the recomputation for 1968 showed a tax liability of $907.67 as against the tax liability of $1,157.65 appearing on petitioners' 1968 return. As a consequence, petitioners were entitled to a refund of tax of the difference, namely, $249.98, but in fact received a refund of $873.01. Thus, petitioners' refund of their 1968 taxes (apart from interest) was excessive to the extent of $623.03.

The Commissioner, by his notice of March 5, 1974, determined a deficiency in petitioners' 1968 taxes in precisely the amount of the erroneous refund, $623.03. We hold that his action was timely.

Section 6501(h) of the 1954 Code provides that where a deficiency is "attributable to the application to the taxpayer of a net operating loss carryback * * *, such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss * * * which results in such carryback may be assessed." And under section 6501(a) the period within which a tax may be assessed for 1970, the taxable year of the net operating loss, is "3 years after the return was filed." Accordingly, whether the 1970 return herein be regarded as having been filed on April 26, 1971, or on May 10, 1971, it is plain that the Commissioner's March 5, 1974, notice of deficiency was timely under the foregoing provisions as to 1968, the carryback year.

Petitioners' sole defense is based upon section 6532(b) of the Code which provides that a suit for the recovery of an erroneous refund "under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund."[1]

---

[1] The record herein does not disclose the date when the refund was made, but we may assume, arguendo, that the refund was made with reasonable promptness after petitioners

Petitioners' reliance on this provision is misplaced.

A suit for the recovery of an erroneous refund under section 7405 is merely one of several remedies open to the Government in such a situation. It is a civil action brought in the name of the United States (see section 7405(a)), and does not preclude a wholly different alternative remedy, namely, the determination of a deficiency by the Commissioner. It has been firmly established in our tax law that the Commissioner may proceed through the deficiency route where there has been an erroneous refund. *Burnet v. Porter,* 283 U.S. 230; *Joseph T. Miller,* 23 T.C. 565, affirmed 231 F.2d 8 (5th Cir.); *Frank B. Polachek,* 22 T.C. 858; *Mary R. Milleg,* 19 T.C. 395, 396-398; *Meridian Mutual Insurance Co.,* 44 T.C. 375, 378-379, affirmed 369 F. 2d 508 (7th Cir.); *Carl H. Thorsell,* 13 T.C. 909, 915; *Henry C. Warren,* 13 T.C. 205, 208-209. Cf. also 10 Mertens, Law of Federal Income Taxation, sec. 58.56 (1970 ed.); H. Rept. No. 849, 79th Cong., 1st Sess. 26. And when the Commissioner resorts to the deficiency procedure, it is clear that the period of limitation applicable to such course of action is controlling rather than the 2-year period applicable to suits for the recovery of erroneous refunds. *Mary R. Milleg,* 19 T.C. at 398; *Henry C. Warren,* 13 T.C. at 208-209.

There is thus no doubt that the Commissioner acted properly in making a determination of deficiency in this case, and indeed Congress in section 6501(h) and 6501(a) has provided a special limitations period for the assessment of deficiencies attributable to the application of a net operating loss carryback, the very situation present here. Cf. *Edward G. Leuthesser,* 18 T.C. 1112, 1125; *Ione P. Bouchey,* 19 T.C. 1078; *Bunn's Auto Sales, Inc.,* 35 T.C. 861. Those are the provisions which govern when the Commissioner proceeds through the deficiency route, and, under the 3-year period made applicable thereunder, his action was timely.

*Decision will be entered for the respondent.*

---

had filed their application therefor on May 24, 1971 (cf. sec. 6411(b) of the Code), and that accordingly the Mar. 5, 1974, notice of deficiency was issued more than 2 years after the refund was made.