RALPH O. BAIRD AND BETTY BAIRD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baird v. Commissioner
Docket No. 10354-80.
United States Tax Court
T.C. Memo 1981-536; 1981 Tax Ct. Memo LEXIS 197; 42 T.C.M. (CCH) 1170; T.C.M. (RIA) 81536; September 24, 1981. Dean Estep, for the petitioners. James J. Everett, for the respondent. EKMAN
MEMORANDUM OPINION EKMAN, Judge: Respondent determined a deficiency of $ 575 in petitioners' Federal income tax for the year 1978. The sole issue for our decision is whether respondent is barred from determining a deficiency in petitioners' income tax when, prior to the issuance of the notice of deficiency, he issued to petitioners a refund based upon his recalculation of the tax due on the submitted return. All of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Ralph O. Baird and Betty Baird, husband and wife, resided in Tubac, Arizona at the time they filed their petition herein. Their joint Federal *198 income tax return for 1978 was filed with the Internal Revenue Service Center at Ogden, Utah. On October 3, 1979, petitioners received a refund of $ 442.10 based upon a recalculation of their 1978 tax by the Internal Revenue Service. In a letter received by petitioners it was explained that the reason for the refund was that "An error was made in figuring your capital gains and losses on Schedule D." On May 30, 1980, a notice of deficiency was issued to petitioners in which respondent determined that petitioners were liable for the 15 percent minimum tax imposed by section 56 on the tax preference portion of the capital gain items reported on their return. Petitioners failed to attach Schedule 4625, "Computation of Minimum Tax--Individual," to their 1978 return and to do the calculations required therein. Respondent determined that petitioners were subject to a minimum tax on items of tax preference in the amount of $ 575. Petitioners have not presented any evidence that the minimum tax calculations, as determined by respondent, are incorrect. In addition, petitioners apparently concede that the notice of deficiency was issued within 3 years of the due date of their return. *199 However, petitioners contend that since respondent, prior to the issuance of the notice of deficiency, issued a refund based upon his own recalculation of tax due on the submitted return, he is now barred from determining a deficiency in petitioners' income tax. In Milleg v. Commissioner, 19 T.C. 395, 397-398 (1952), we said: We believe the petitioner's contention to be erroneous. There was neither a closing agreement nor a valid compromise in the instant case. Refunds of taxes paid under the "pay as you go" income tax plan, without audit, are not final determinations under section 3801, I.R.C.Clark v. Commissioner, 158 F.2d 851, affirming a Memorandum Opinion of this Court entered April 1, 1946; Henry C. Warren, 13 T.C. 205. In these instances the refunds arose from taxes paid under he withholding of wages method, whereas here the taxes were paid under the declaration of estimated tax method. In the Warren case the deficiency was upheld despite the fact that the notice of deficiency was mailed more that [sic.] two years after the refund was made but within three years of the filing of the return. *200 Section 3746, I.R.C., was held inapplicable. Similarly, in Carl H. Thorsell, 13 T.C. 909, a prior refund of taxes withheld from salary did not bar the determination of a deficiency for that year. In Burnet v. Porter, 283 U.S. 230, the Supreme Court of the United States upheld the right of the respondent to allow a claim for refund and at a later date reopen the case and redetermine the tax. We believe the principle applied in the aforementioned cases is applicable here. The allowance of the refund was not a final determination and the respondent determined the deficiency within the time allowed under the statutory provisions. In the absence of a closing agreement, valid compromise, final adjudication or the running of the statute of limitations, the respondent may make new and different assessment against the same taxpayer, for the same year, and in respect of the same type of tax. William Fleming, 3 T.C. 974, affd. 155 F.2d 204. [Fn. ref. omitted.] See also Meridian Mutual Insurance Co. v. Commissioner, 44 T.C. 375, 378-379 (1965), affd. 369 F.2d 508 (7th Cir. 1966). *201 Cf. Groetzinger v. Commissioner, 69 T.C. 309 (1977). While petitioners' desire to hold respondent to his original position that a refund was due is understandable, the law is clear. Respondent is not barred from determining a deficiency in petitioners' 1978 income tax simply because he previously issued an erroneous refund. [1]
Accordingly, Decision will be entered for Respondent. Footnotes
1. See also Johnson v. Commissioner, T.C. Memo. 1975-70↩.