CASSANDRA LYNN FORRESTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forrester v. Commissioner
Docket No. 2092-92
United States Tax Court
T.C. Memo 1993-136; 1993 Tax Ct. Memo LEXIS 147; 65 T.C.M. (CCH) 2280; April 1, 1993, Filed *147 Decision will be entered for respondent. Cassandra Lynn Forrester, pro se. For respondent: Susan T. Mathew. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 309 in petitioner's Federal income tax for 1988. The sole issue for our decision is whether petitioner's receipt of duplicate earned income credits for 1988 resulted in such deficiency in income tax. Some of the facts have been stipulated, and the stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Tucson, Arizona, when she filed the petition in this case. During the 1988 tax year, petitioner worked for Maureen's ProHousecleaning, Inc. In 1988, *148 petitioner received advance earned income credit from her employer in the amount of $ 309. On her U.S. Individual Income Tax Return for the year in issue, petitioner claimed earned income credit in the amount of $ 436, and indicated a refund due in that amount. Petitioner failed to indicate on this return the amount of advance earned income credit she had received from her employer. In a correction notice dated March 20, 1989, respondent notified petitioner that because of an error on her return, she would be due a refund in the amount of $ 394, which amount represented the correct earned income credit. Petitioner subsequently received a check for this amount. In a Notice of Proposed Changes dated April 29, 1991, respondent notified petitioner that there was a proposed increase in her 1988 tax liability in the amount of $ 309 plus interest. This proposed increase was due to the circumstance that petitioner should have received a refund of only $ 85, instead of $ 394. The $ 85 is the difference between the advance earned income credit already received from her employer and the full credit to which she was entitled. As a result of the erroneous refund, petitioner received duplicate *149 earned income credits, $ 309 in advance earned income credit and a $ 394 earned income credit as represented by the IRS refund. In a letter dated July 26, 1991, respondent informed petitioner that the proposed increase in her tax liability was caused by her failure to enter the correct amount of the advance earned income credit on the applicable line of her tax return. By statutory notice of deficiency, dated October 23, 1991, respondent determined a deficiency in petitioner's taxes in the amount of $ 309. Petitioner argues that the error was made by the IRS and that she should not be required to return the duplicate earned income credit that she received. Respondent contends that petitioner's position is without merit, and that a duplicate credit would not have been issued if petitioner had entered the correct amount of advance earned income credit on the applicable line and had correctly computed her earned income credit. Petitioner has the burden of proving respondent's determination to be erroneous. Rule 142(a). On her-tax return, petitioner omitted any mention of the advance earned income credit received from her employer and also overstated the amount of her earned income *150 credit for 1988. Respondent refunded to petitioner the full amount of the correctly computed earned income credit but failed to reduce the payment by the amount of the advance earned income credit previously paid to petitioner and indicated on petitioner's Form W-2 from her employer though not on petitioner's tax return. There is no authority for petitioner's contention that she is not required to return the erroneous refund because it was a result of respondent's error. It is well established that the Commissioner may proceed by notice of deficiency where there has been an erroneous refund, Burnet v. Porter, 283 U.S. 230 (1931); Krieger v. Commissioner, 64 T.C. 214, 216 (1975), or may bring an action for the recovery of an erroneous refund under section 7405. Warner v. Commissioner, 526 F.2d 1 (9th Cir. 1975), affg. T.C. Memo. 1974-243; Krieger v. Commissioner, supra. The period of limitations applicable to recovering an erroneous refund through the deficiency procedures is the period of limitations applicable to the deficiency *151 procedures rather than the 2-year period applicable to suits for the recovery of erroneous refunds. Id. In this case, the notice of deficiency was issued within the applicable 3-year period of limitations. Therefore respondent has taken timely action to employ a proper method for recovery of the erroneous refund. See section 6501. Accordingly, respondent's determination is sustained. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the tax year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩