T.C. Memo. 1996-100


UNITED STATES TAX COURT


JAMES E. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10823-95.          Filed March 6, 1996.


James E. Brown, pro se.

<u>Rebecca Dance Harris</u>, for respondent.


MEMORANDUM OPINION

PARR, <u>Judge</u>:  This matter is before the Court on

petitioner's motion for summary judgment, filed November 27,

1995, pursuant to Rule 121.[1]  On December 18, 1995, respondent

---

[1]    All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect for the taxable years in issue, unless
otherwise indicated.

filed a notice of objection to petitioner's motion for summary judgment. On December 26, 1995, petitioner filed a reply to respondent's objection to petitioner's motion for summary judgment.

Respondent determined deficiencies in petitioner's Federal income tax for years 1990 and 1991 in the respective amounts of $44,086 and $26,406. Respondent also determined an addition to tax and an accuracy-related penalty for tax year 1990 in the amounts of $3,799 and $330 pursuant to sections 6651(a)(1) and 6662(b)(1), respectively.

Background

The deficiencies at issue are attributable to respondent's determination that: (1) Petitioner failed to report income for tax years 1990 and 1991, (2) petitioner failed to substantiate deductions for unreimbursed employee expenses for tax years 1990 and 1991,[2] and (3) petitioner's deduction for exemptions should have been reduced because his adjusted gross income was in excess of $125,000 for tax year 1991. The additions to tax at issue are attributable to petitioner's late filing of his 1990 Federal income tax return and an accuracy-related penalty for negligence for tax year 1990.

---

[2] This adjustment results in a further adjustment because petitioner's itemized deductions are less than the standard deduction allowable; accordingly, respondent disallowed the remaining itemized deductions and allowed petitioner the standard deduction.

In his motion for summary judgment, petitioner argues, inter alia,[3] that (1) the amounts received from his civil rights lawsuit (hereafter civil action) are excludable from income, (2) he did not receive any income in tax year 1991, (3) the Tax Court is without jurisdiction because of respondent's failure to comply with section 7422, (4) respondent's determination is barred by the 2-year statute of limitations provided in section 6532(b), and (5) respondent is estopped from determining the instant deficiencies.

The facts material to the disposition of the motion for summary judgment are the undisputed facts set out in the pleadings, the motion for summary judgment, the objection to the motion, and the reply to the objection.

On his 1990 Federal income tax return, petitioner reported income of $125,316.41, arising from his civil action.[4] However, believing such amount to be excludable from gross income, petitioner did not include the amount as taxable income on his return. He did report $27,118.33 as Federal income taxes withheld relating to such income, and therefore his return indicated an overpayment to be refunded in the amount of

---

[3]    We have considered all other arguments made by petitioner in his motion for summary judgment, and have determined such arguments to be without merit.

[4]    Petitioner disclosed the amount of the payment on his tax return by attaching Form 4852 to his return. The form lists a total payment of $125,316.41 and designates $27,118.33 as Federal income tax withheld.

$29,612.13.  On September 28, 1992, respondent refunded to petitioner the requested amount plus $433.43 in interest.

Petitioner claims that he filed his 1990 tax return on June 6, 1991.  However, respondent's records indicated that the return was received by her on July 1, 1992.  On December 14, 1993, respondent informed petitioner that she was examining his 1990 and 1991 Federal income tax returns.  On or about April 7, 1994, petitioner had filed a complaint in the U.S. Court of Federal Claims concerning his tax liabilities for the tax years 1990 and 1991.  The United States filed a motion to dismiss petitioner's case in the Court of Federal Claims, and, as of December 6, 1995, there had been no hearing in the case.

On May 12, 1995, respondent issued a notice of deficiency to petitioner, asserting, inter alia, that the payments petitioner received from his civil action were to be treated as backpay and should have been included in income for tax years 1990 and 1991.  On June 20, 1995, petitioner filed a petition with this Court contesting the determinations made by respondent in her notice of deficiency.

Discussion

Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law".  Rule 121(b);

Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v.

Commissioner, 85 T.C. 527, 529 (1985). Rule 121(d) states:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.

See King v. Commissioner, 87 T.C. 1213, 1217 (1986). The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The facts set forth herein are taken from respondent's pleadings and the attorney's affidavit in opposition to petitioner's motion. The facts are viewed in the terms most favorable to respondent. Estate of Gardner v. Commissioner, 82 T.C. 989, 990 (1984).

As a threshold matter, we find that genuine issues of material fact exist with respect to a number of petitioner's arguments; namely, whether or not petitioner received income during tax year 1991, whether the award from the civil action represents taxable or excludable income, whether petitioner has substantiated unreimbursed expenses, and whether petitioner filed his 1990 return in June 1991 or July 1992. All of these issues must be resolved with the introduction of written evidence and/or

testimony, and therefore they are not ripe for summary adjudication.

Tax Court Jurisdiction

It is well settled that the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Sec. 7442; Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943); Kluger V. Commissioner, 83 T.C. 309, 314 (1984). In general, Tax Court jurisdiction exists only if a valid statutory notice of deficiency has been issued by the Commissioner and a timely petition has been filed. Secs. 6212 and 6213; Rules 13, 20; Midland Mortgage Co. v. Commissioner, 73 T.C. 902, 905 (1980). Taxpayers who pay the determined deficiency may seek an administrative refund and, if their claim is rejected, pursue a refund action in District Court or the U.S. Court of Federal Claims. Sec. 7422(a); Hemmings v. Commissioner, 104 T.C. 221, 226 (1995). To avoid concurrent jurisdiction over cases involving the same taxable year, Congress enacted section 7422(e). Hemmings v. Commissioner, supra. Section 7422(e) provides in pertinent part:

> If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Claims Court for the recovery of any income tax * * * mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the United States Claims Court, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever

extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. * * * [Emphasis added.]

Subsection (e) does not apply if the case in the Court of Federal Claims or the District Court, as the case may be, has already proceeded to a hearing, that is, to actual trial. S. Rept. 1622, 83d Cong., 2d Sess. 13, 611 (1954); see Hemmings v. Commissioner, supra at 229. The main thrust of section 7422(e) is to prevent two courts from having jurisdiction of the same taxable year at the same time. Flora v. United States, 362 U.S. 145, 166 (1960). The filing of a refund action in the Court of Federal Claims does not statutorily bar the Commissioner from issuing a notice of deficiency for the same taxable year pursuant to section 6212(a). Hemmings v. Commissioner, supra at 230. Moreover, if the taxpayer files a petition with the Tax Court before a hearing takes place in the refund suit, then the refund suit is stayed. Id.

Since respondent filed a notice of deficiency prior to the actual trial in the case before the Court of Federal Claims, and since petitioner filed a petition pursuant to sections 6212 and 6213, this Court does have jurisdiction over petitioner's 1990 and 1991 taxes as determined in the notice of deficiency.

Statute of Limitations

Petitioner argues that respondent is precluded from recovering tax on the amount refunded, because respondent's sole remedy to recover the refund of withheld income tax made to

petitioner is by the institution of suit against him under the provisions of section 7405(b). To this end, petitioner contends that the period of limitations on a suit for an erroneous refund has expired. Sec. 6532(b). Respondent argues that she is not limited to a suit under section 7405, that the deficiency procedures are applicable, and that respondent's statutory notice was timely issued.

Section 6532(b) provides as follows:

> SEC. 6532(b). Suits by United States for Recovery of Erroneous Refunds.--Recovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund, except that such suit may be brought at any time within 5 years from the making of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact.

Section 7405(b) provides as follows:

> SEC. 7405(b). Refunds Otherwise Erroneous.--Any portion of a tax imposed by this title which has been erroneously refunded (if such refund would not be considered as erroneous under section 6514) may be recovered by civil action brought in the name of the United States.

A suit for the recovery of an erroneous refund under section 7405 is merely one of several remedies open to the Government in such a situation. Krieger v. Commissioner, 64 T.C. 214, 216 (1975). It is a civil action brought in the name of the United States, and does not preclude a wholly different alternative remedy, namely; the determination of a deficiency by the Commissioner. Id. It has been firmly established in our tax law that the Commissioner may proceed through the deficiency route

where there has been an erroneous refund.  Pesch v. Commissioner, 78 T.C. 100, 120 (1982); Krieger v. Commissioner, supra; Beer v. Commissioner, T.C. Memo. 1982-735, affd. 733 F.2d 435 (6th Cir. 1984); see also Burnet v. Porter, 283 U.S. 230 (1931); Miller v. Commissioner, 23 T.C. 565 (1954), affd. 231 F.2d 8 (5th Cir. 1956); H. Rept. 849, 79th Cong., 1st Sess. (1945), 1945 C.B. 566, 583.  When the Commissioner resorts to the deficiency procedure, it is clear that the period of limitations applicable to such course of action, i.e., sec. 6501, is controlling rather than the 2-year period applicable to suits for the recovery of erroneous refunds.  Pesch v. Commissioner, supra; Krieger v. Commissioner, supra.

Under the general rule of section 6501(a), a deficiency must be assessed within 3 years from the date on which the return is filed.  Since we view facts in the manner most favorable to the party opposing summary judgment, see Estate of Gardner v. Commissioner, 82 T.C. 989 (1984), we assume petitioner filed his 1990 Federal income tax return on July 1, 1992.  The statutory notice of deficiency was issued on May 12, 1995.  Therefore, the 3-year statute of limitations was met.

Estoppel

The final argument we must consider in petitioner's motion for summary judgment appears to be an estoppel argument. Petitioner contends that because respondent accepted his return for 1990 and issued him a refund, respondent should now be barred

from assessing a deficiency in petitioner's 1990 tax. Petitioner's argument seems to be that his position as to the amount received from the civil action was fully disclosed on his return and respondent refunded the income taxes withheld on the basis of the return.

However, petitioner's argument is without merit. Respondent is not estopped from determining a deficiency merely because she had previously accepted petitioner's return and issued a refund. Gordon v. United States, 757 F.2d 1157 (11th Cir. 1985); Warner v. Commissioner, 526 F.2d 1 (9th Cir. 1975), affg. T.C. Memo. 1974-243; Baasch v. Commissioner, T.C. Memo. 1991-134, affd. without published opinion 962 F.2d 4 (2d Cir. 1992). Furthermore, we note that refunds of alleged excess withholdings without prior audit, are a matter of grace to the taxpayer, made in consequence of an amount due as shown on his return, and are subject to final audit and adjustment, and hence are not final determinations so as to preclude subsequent adjustment. Clark v. Commissioner, 158 F.2d 851 (6th Cir. 1946), affg. a Memorandum Opinion of this Court dated Apr. 1, 1946; Owens v. Commissioner, 50 T.C. 577 (1968).

In sum, petitioner's motion for summary judgment will be denied as to all issues. To reflect the foregoing,

An appropriate order will be issued.