T.C. Memo. 1997-567


UNITED STATES TAX COURT


JAMES E. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10823-95.                  Filed December 23, 1997.


James E. Brown, pro se.

<u>Rebecca Dance Harris</u>, for respondent.


MEMORANDUM OPINION


PARR, <u>Judge</u>:    Respondent determined deficiencies in, an
addition to, and a penalty on, petitioner's Federal income taxes
as follows:

| Year | Deficiency | Additions to Tax Sec. 6651 | Penalties Sec. 6662 |
|------|-----------|----------------------------|---------------------|
| 1990 | $44,086 | $3,799 | $330 |
| 1991 | $26,406 | -- | -- |

All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

After a concession[1], the issues for decision are:[2] (1) Whether the theory of judicial estoppel, or in the alternative, the period of limitations, bars the assessment and collection of the deficiency in income tax for 1990.  We hold it does not.  (2) Whether petitioner's backpay award of $137,918.96 received in 1990 as partial settlement of his claim under Title VII of the Civil Rights Act of 1964, Pub. L. 88-352, 78 Stat. 253, is taxable.  We hold it is.  (3) Whether petitioner is entitled to an overpayment based on his claim to additional withholding credits of $47,277 for 1991.  We hold he is not.  (4) Whether petitioner is entitled to deduct unreimbursed employee business expenses of $8,044 and $5,457 for 1990 and 1991, respectively. We hold he is not.  (5) Whether for 1990 petitioner is liable for an addition to tax for failure to file a return under section 6651(a).  We hold he is.  (6) Whether for 1990 petitioner is

---

[1]    Respondent concedes that petitioner did not have unreported income of $81,669 in 1991.

[2]    Petitioner raises several issues at trial and on brief which we find to be without merit.  Accordingly, we do not address them here.

liable for an accuracy-related penalty for negligence under section 6662. We hold he is.

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated into our findings by this reference. At the time the petition in this case was filed, petitioner's legal residence was Whites Creek, Tennessee.

General Background

Petitioner is a civilian employee of the U.S. Department of the Army (the Army). On May 8, 1980, petitioner initiated a lawsuit in the U.S. District Court for the District of Columbia (the District Court) against the Secretary of the Army alleging, among other things, that he was discriminated against by the Army in violation of Title VII of the Civil Rights Act of 1964 (the Title VII claim) when he was denied certain promotions.

On May 12, 1988, the District Court granted petitioner's motion for partial summary judgment on the issue of the Army's liability under the Title VII claim. On May 11, 1989, the District Court entered an order granting petitioner certain backpay awards in accordance with its May 12, 1988 decision. In accordance with the May 11, 1989 order of the District Court, petitioner received an interim gross pay award of $137,918.96 during 1990.

On his Federal income tax return for 1990, petitioner reported that he received an award based on the Title VII claim, but assumed the position that it was not taxable. Petitioner's 1990 return was first received at respondent's Brookhaven Service Center on July 1, 1992 and forwarded to the Philadelphia Service Center for processing. A second return for 1990, which respondent treated as an amended return, was received on July 6, 1992 at the Philadelphia Service Center. In September 1992 petitioner received a refund of $30,045.66 for 1990.

Respondent then received an information item for 1991 indicating that a Form W-2 was issued to petitioner by the District Court. The Form W-2 indicated that for 1991 petitioner had received additional income of $81,669 and withholding credits of $47,277 in further satisfaction of the Title VII claim. Upon further review, however, the Form W-2 was found not to be a bona fide document, and the parties agreed that petitioner did not receive an additional $81,669 of income.

On April 7, 1994, petitioner filed a complaint in the U.S. Court of Federal Claims (the Court of Federal Claims) seeking to recover the amount allegedly paid to him in 1991 and the amount allegedly withheld for that year. On May 12, 1995, after petitioner filed suit in the Court of Federal Claims, respondent issued the notice of deficiency for 1990 and 1991. In response to the notice of deficiency, petitioner filed a petition with the

Court, thus vesting the Court with jurisdiction over the case. See Brown v. Commissioner, T.C. Memo. 1996-100.

Issue 1.  Period of Limitations

Respondent determined a deficiency in petitioner's income tax of $44,086 for 1990.  Petitioner asserts that respondent is precluded from assessing this deficiency by the theory of judicial estoppel, or in the alternative, by the expiration of the period of limitations.

We are not persuaded by petitioner's arguments.  The doctrine of judicial estoppel, petitioner argues, operates to preclude a party from asserting a position in legal proceedings which is contrary to a position it has already asserted in another proceeding.  See Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1217-1220 (6th Cir. 1990).

Petitioner maintains that in proceedings before the Court of Federal Claims the Government conceded that the statute of limitations barred any assessment of a deficiency for 1990. Petitioner claims that the Government asserted this as a basis for having his suit before the Court of Federal Claims dismissed, and is now prohibited from asserting a contrary position before the Court.

At trial, respondent denied that the Government made such a concession during the proceedings before the Court of Federal Claims.  In support of his contention, petitioner introduced at

trial a portion of the Government's brief from the case before the Court of Federal Claims. The brief made no such concession. On brief, petitioner cites the opinion of the Court of Federal Claims to establish this same point. In no conceivable way does the opinion of the Court of Federal Claims support petitioner's position. See Brown v. United States, Nos. 94-227C & 94-358C at 4-5 (Fed. Cl. Feb. 22, 1996). Accordingly, respondent is not judicially estopped from assessing the deficiency for 1990.

In the alternative, petitioner argues that respondent is precluded from asserting a deficiency for 1990 by the statute of limitations. At trial, petitioner referred on occasion to the "2-year" statute of limitations. We addressed the distinction between the statutes of limitations for deficiency proceedings and suits for the recovery of erroneous refunds in our previous opinion denying petitioner's motion for summary judgment, Brown v. Commissioner, T.C. Memo. 1996-100.

A suit for the recovery of an erroneous refund under section 7405 is merely one of several remedies open to the Government in such a situation. Krieger v. Commissioner, 64 T.C. 214, 216 (1975). It is a civil action brought in the name of the United States and does not preclude an alternative remedy; namely, the determination of a deficiency by the Commissioner. Id. It has been firmly established in our tax law that the Commissioner may proceed through the deficiency route where there has been an

erroneous refund as in this case. Pesch v. Commissioner, 78 T.C. 100, 120 (1982); Krieger v. Commissioner, supra; Beer v. Commissioner, T.C. Memo. 1982-735, affd. 733 F.2d 435 (6th Cir. 1984); see also Burnet v. Porter, 283 U.S. 230 (1931); Miller v. Commissioner, 23 T.C. 565 (1954), affd. 231 F.2d 8 (5th Cir. 1956); H. Rept. 849, 79th Cong., 1st Sess. (1945), 1945 C.B. 566, 583. When the Commissioner resorts to the deficiency procedure, it is clear that the period of limitations applicable to such course of action, i.e., section 6501, is controlling rather than the 2-year period applicable to suits for the recovery of erroneous refunds. Pesch v. Commissioner, supra; Krieger v. Commissioner, supra.

This case is before the Court pursuant to the issuance of a notice of deficiency by respondent and petitioner's timely filing of a petition. Under the general rule of section 6501(a), a deficiency must be assessed within 3 years from the date on which the return is filed. The notice of deficiency was issued on May 12, 1995. Respondent determined that petitioner filed his 1990 return on July 1, 1992. Petitioner asserts that he filed his 1990 return on June 6, 1991. The statute of limitations, therefore, turns on when the return is deemed filed.

Filing, generally, "is not complete until the document is delivered and received." United States v. Lombardo, 241 U.S. 73, 76 (1916). This general presumption, however, is modified by

section 7502.  Section 7502(a)(1) provides that if a document is delivered to the Internal Revenue Service (IRS) at the proper address after its due date by U.S. mail, then in certain circumstances the date of postmark shall be the date of delivery. Section 7502(c) and accompanying regulations provide that use of registered mail or certified mail provides prima facie evidence that the document was delivered, and that the date of registration or the date of the U.S. postmark on the certified mail receipt is the postmark date.  Here, petitioner has not offered any evidence of postmark.  In addition, petitioner did not take the added and, in this case, necessary precaution of having it sent by registered or certified mail.[3]

Notwithstanding section 7502, when a taxpayer does not have documentary evidence that a form was mailed, we, and certain other federal courts, have in particular circumstances allowed indirect evidence to prove that the form was mailed.  See Estate of Wood v. Commissioner, 92 T.C. 793 (1989), affd. 909 F.2d 1155 (8th Cir. 1990); see also Anderson v. United States, 966 F.2d 487 (9th Cir. 1992).  It is well settled that pursuant to the common law mailbox rule, proper mailing of an envelope creates a rebuttable presumption of receipt.  Rosenthal v. Walker, 111 U.S.

---

[3]     Petitioner did provide a certified mail receipt dated June 23, 1992, for a document sent to the IRS in Philadelphia, Pennsylvania, a year later than petitioner claims he filed his original return.

185, 193-194 (1884); <u>Smith v. Commissioner</u>, T.C. Memo. 1994-270, affd. without published opinion 81 F.3d 170 (9th Cir 1996). Whether the Commissioner is able to rebut such presumption of receipt is a credibility determination. <u>Smith v. Commissioner</u>, <u>supra</u> (citing <u>Anderson v. United States</u>, <u>supra</u> at 492). We need not make such a credibility determination here.[4]

The Court of Appeals for the Sixth Circuit, to which this case is appealable, has consistently rejected "testimony or other evidence as proof of the actual date of mailing." <u>Miller v. United States</u>, 784 F.2d 728, 731 (6th Cir. 1986)(quoting <u>Deutsch v. Commissioner</u>, 599 F.2d 44, 46 (2d Cir. 1979)). The Court of Appeals for the Sixth Circuit "[concluded] that the only exceptions to the physical delivery rule available to taxpayers are the two set out in section 7502". <u>Miller v. United States</u>, <u>supra</u> at 731.

This issue was revisited in <u>Surowka v. United States</u>, 909 F.2d 148, 150 (6th Cir. 1990), where the Court of Appeals stated:

---

[4] Even if we were required to make such a determination, we note that petitioner's case is distinguishable from those which allowed extrinsic evidence as proof of the date of mailing. In <u>Estate of Wood v. Commissioner</u>, 92 T.C. 793 (1989), affd. 909 F.2d 1155 (8th Cir. 1990), for example, the taxpayer provided testimony from the local postmaster as to the date she hand-postmarked the item. Petitioner does not provide such evidence here. In rebuttal, however, respondent provided credible testimony from an employee regarding standard IRS procedures, and a nationwide search on respondent's computer system determined no return was received from petitioner prior to July 1, 1992.

> Plaintiffs argue that the recent tax court decision in <u>Estate of Wood v. Commissioner of Internal Revenue</u>, 92 T.C. 793 (1989) allows them to prove timely filing of their return by extrinsic evidence. We disagree.
>
> First, the tax court in <u>Wood</u>, unlike this court in <u>Miller</u>, found the judicially-created presumption, that proof of a properly mailed document is received, applied in section 7502 cases. 92 T.C. 798-99. Further, the tax court's holding in <u>Wood</u> that section 7502(c) creates a "safe harbor" for taxpayers who file by registered or certified mail was rejected by this court in <u>Miller</u>, 784 F.2d at 731. More importantly, the tax court in <u>Bruder v. Commissioner</u>, 57 T.C.M. 873 (1989), held that <u>Wood</u>'s presumption of delivery did not apply to cases appealable to the Sixth Circuit because, in <u>Miller</u>, the Sixth Circuit rejected the applicability of any such presumption and held that section 7502 creates the only exceptions to the physical delivery rule. 57 T.C.M. at 874.

The Court of Appeals for the Sixth Circuit again confirmed that the exceptions provided in section 7502 are the only ones to the rule of actual physical delivery. <u>Carroll v. Commissioner</u>, 71 F.3d 1228 (6th Cir. 1995), affg. T.C. Memo. 1994-229. Here, petitioner has failed to show that section 7502 applies. Accordingly, petitioner's return is deemed filed on July 1, 1992, thus making the notice of deficiency timely.

## Issue 2. Backpay Award

Respondent determined that the $137,918.96 petitioner received in 1990 as partial settlement of the Title VII claim is

taxable.  Petitioner asserts that this amount received relating to the Title VII claim is excludable from his gross income.

In United States v. Burke, 504 U.S. 229, 242 (1992), the Supreme Court held that backpay awards received in settlement of Title VII discrimination claims were not excludable from gross income under section 104(a)(2).  The Supreme Court noted that "Congress declined to recompense Title VII plaintiffs for anything beyond the wages properly due them--wages that, if paid in the ordinary course, would have been fully taxable."  Id. at 241.

Petitioner argues that respondent cannot apply Burke retroactively.  We disagree.

Section 104(a)(2), as it relates to the Title VII claim, was in effect when respondent mailed the notice of deficiency to petitioner, and the Supreme Court's holding in Burke construed but did not change that existing law.  In addition, the Supreme Court has held:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97 (1993); accord James B. Beam Distilling Co. v. Georgia, 501 U.S. 529 (1991).

The rule announced by the Supreme Court in <u>United States v. Burke</u>, <u>supra</u>, must, therefore, be given full retroactive effect to any open cases. Accordingly, the $137,918.96 of backpay petitioner received as partial settlement of the Title VII claim is taxable income for 1990.

<u>Issue 3. Withholding Credits</u>

Respondent determined that petitioner is not entitled to additional withholding credits of $47,277 for 1991. Petitioner asserts that he is entitled to an overpayment based on his claim to such withholding credits.

This adjustment originates from an information item reported to the IRS. Specifically, the IRS received information that a Form W-2 was issued to petitioner by the District Court reflecting an additional $81,669 of income and withholding credits of $47,277 in further satisfaction of his Title VII claim. Upon further review, it was discovered that the Form W-2 was not issued by the District Court and was not a bona fide document. Respondent concedes that petitioner did not receive the additional $81,669. Furthermore, the District Court did not remit $47,277 to the IRS on behalf of petitioner.

For purposes of additional income, petitioner accepts that the District Court did not issue the Form W-2 and that he did not receive the $81,669. Notwithstanding this, petitioner asserts that he is still entitled to the $47,277 of withholding credits

and attempted to claim a refund based on them.  Petitioner has offered no documentation that $47,277 was paid to the IRS on his behalf for 1991.  Accordingly, petitioner is not entitled to an overpayment based on his claim to withholding credits of $47,277 for 1991.

Issue 4.  Unreimbursed Employee Business Expenses

Respondent determined that petitioner is not entitled to a deduction for unreimbursed employee business expenses of $8,044 and $5,457 for 1990 and 1991, respectively.  Petitioner asserts that he is entitled to the deductions.

Section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Such deductions, however, are not allowable to an employee "to the extent that the employee is entitled to reimbursement from his or her employer for an expenditure related to his or her status as an employee."  Lucas v. Commissioner, 79 T.C. 1, 7 (1982).

At trial, petitioner testified that he "could have received a 100-percent reimbursement from the Government" for these expenses.  In addition, petitioner failed to substantiate that he incurred these expenses in the amounts claimed. Accordingly, since petitioner could have been reimbursed by his employer and did not substantiate these deductions, he is not entitled to

unreimbursed employee business deductions of $8,044 and $5,457 for 1990 and 1991, respectively.

Issue 5.  Addition to Tax Under Section 6651(a)

Respondent determined an addition to tax under section 6651(a) for delinquent filing of a return.

Section 6651(a) provides that if a taxpayer fails to file a return by its due date, including extensions of time for filing, there shall be an addition to tax equal to 5 percent of the tax required to be shown on the return for each month the failure to file continues, not to exceed 25 percent.

Petitioner had an extension until June 15, 1991, to file his 1990 return.  Petitioner did not file his 1990 return until July 1, 1992.  Petitioner has failed to meet his burden on this issue. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Accordingly, respondent's addition to tax on this issue is sustained.

Issue 6.  Penalty Under Section 6662(b)

Respondent determined that the portion of the underpayment for 1990 attributable to the disallowance of the unreimbursed employee business expenses was due to negligence.

Section 6662 provides for an accuracy-related penalty equal to 20 percent of the portion of the underpayment due to negligence.  For purposes of section 6662, negligence "includes any failure to make a reasonable attempt to comply with the ***

[income tax laws]" and disregard "includes any careless, reckless, or intentional disregard."

As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u>. Petitioner did not address this penalty at trial or on brief and has therefore failed to meet his burden with respect to this issue. Accordingly, the penalty under section 6662 is sustained.

For the foregoing reasons, and to take account of a concession,

<u>Decision will be entered</u> <u>under Rule 155.</u>