Donald A. STATLAND and Iris
R. Statland, Plaintiffs–
Appellants,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 95–3025.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 25, 1998.

Decided May 7, 1999.

Rehearing and Suggestion for Rehearing
En Banc Denied July 1, 1999.

Donald A. Statland (argued), Chicago, IL, for Plaintiffs–Appellants.

Gary R. Allen, Gilbert S. Rothenberg, Frank P. Cihlar, Alice L. Ronk (argued), Department of Justice, Washington, DC; David S. Newman, Department of Justice, Tax Division, Washington, DC; Thomas P. Walsh, Office of the United States Attorney, Civil Division, Chicago, IL, for Defendant–Appellee.

Before CUDAHY, COFFEY and KANNE, Circuit Judges.

COFFEY, Circuit Judge.

Plaintiffs–Appellants Donald and Iris Statland ("the Statlands") allege that they overpaid their federal income tax for the tax year of 1976, and are entitled to be reimbursed for the overpayment in the amount of $8,929. In December, 1991, the Plaintiffs filed a "taxpayer's refund suit" against the government in the United States District Court. Thereafter, the IRS issued a Notice of Deficiency to the Statlands, alleging that they had actually *underpaid* their 1976 income tax and owed a total of $4,023 as a result of the underpayment. The Plaintiffs–Appellants responded with the filing of a petition in the United States Tax Court asking for a redetermination of their 1976 tax liability.

After the Statlands filed their petition in the tax court requesting a redetermination of the IRS's assessment, the government filed a motion to dismiss the case (the taxpayer's refund suit) for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Magistrate Judge Ronald A. Guzman granted the motion and dismissed the case for lack of jurisdiction pursuant to 26 U.S.C. § 7422(e). The magistrate found that under the statute, the district court lost jurisdiction once the Statlands filed a petition with the tax court requesting a redetermination of the IRS's assessment. The Plaintiffs appeal. We AFFIRM.

## BACKGROUND

On December 1, 1992, Donald and Iris Statland filed a complaint in the United States District Court alleging that they overpaid their federal income taxes for tax year 1976 and thus were entitled to be reimbursed as a result of their overpayment of $8,929.26. The alleged overpayment resulted from two adjustments that the Statlands contend should be made to their 1976 income tax return: lessening their share of income from a business in which the Statlands possessed a partnership interest; and the Statlands' entitlement to an additional exemption for a dependant that they had originally been unable to claim.[1]

Three months after the Statlands filed suit, on February 12, 1993, the district judge held the first of three status hearings. Over the course of these three meetings, the parties entered their initial appearances, consented to have Magistrate Judge Ronald A. Guzman preside over the case, discussed the potential avenues of appeal for the Statlands if they lost their case before the magistrate judge, and set dates for the end of discovery. The substantive issues in the Statlands' taxpayer relief suit were not discussed in any of these status conferences, though at one point during the third meeting the parties did briefly refer to a separate proceeding involving the Statlands in the tax court.

---

1. The Statlands alleged that due to provisions contained in the Tax Reduction and Simplification Act of 1977, Mr. Statland's father was permitted to exclude sick pay received in 1976. The Statlands alleged that this adjustment lowered the father's income, and qualified the father as the Statlands' dependent, thus providing them with a deduction.

On June 4, 1993, the IRS mailed a Notice of Deficiency to the Statlands which explained that, according to the IRS's determination, there existed a $4,023 deficiency in their 1976 federal tax payment. According to the Internal Revenue Service, the Statlands' district court complaint, alleging that the government owed them $8,929.26 for tax year 1976, was in error. Rather, the IRS had determined that the Statlands actually owed the government $4,023 as a result of miscalculations in the Statlands' 1976 tax return documents.[2] The IRS notice alleged that an adjustment was required to be made to the Statlands' 1979 tax return, and the change reduced a net operating loss that the Statlands had attempted to claim as investment credit and carry back to their 1976 return. According to the IRS, as a result of the adjustment there was *in fact* no investment credit available to be carried back to 1976, thus the Statlands erroneously carried back credit to their 1976 tax return that never existed. The IRS made the proper adjustments necessary to compensate for this oversight, and determined that the Statlands' tax liability for 1976 increased by $4,023, the amount of the alleged deficiency.[3]

On June 7, 1993, the IRS sent a letter to the Statlands which referenced the Internal Revenue Code, 26 U.S.C. § 7421 et seq., and stated that proceedings in the Statlands' court case before Magistrate Judge Guzman would be effectively stayed pursuant to 26 U.S.C. § 7422(e), since the IRS mailed the Notice of Deficiency to the Statlands on June 4, 1993. The IRS specifically cited to § 7422(e) which provides, in relevant part, the following:

> · If the Secretary *prior to the hearing of a suit brought by a taxpayer in a district court ... for the recovery of any income tax, ...* mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for the redetermination of the asserted deficiency, and for 60 days thereafter. *If the taxpayer files a petition with the Tax Court, the district court ... shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund.* If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit ... within the period of the stay of proceedings.... (Emphasis supplied.) .

On June 22, 1993, the government filed a motion to stay the proceedings in the district court pursuant to § 7422(e). The Statlands argued that § 7422 did not require the district court to stay proceedings and noted that the initial sentence of § 7422(e) requires the IRS to mail the Notice of Deficiency "prior to the hearing of [the taxpayer suit]." They proceeded to argue that the term "hearing" should be broadly construed, and that the three status conferences constituted "hearings" of their taxpayer suit. The Statlands concluded that since the "hearings" occurred before the IRS mailed the Notice of Deficiency on June 4, 1993, § 7422(e) was inapplicable and did not require the district court to stay proceedings. .

On August 23, 1993, before the magistrate judge had ruled upon the govern-

---

**2.** Specifically, the Notice of Deficiency alleged that the Statlands attempted to carry back unused investment credit to their 1976 return. However, after the IRS made adjustments to the qualified investment property which formed the basis for the investment credit, the credit was reduced significantly. As a result, the entire investment credit was utilized in 1979, and was unavailable to be carried back to the Statlands' 1976 return.

**3.** The record reveals that the $4,023 the Statlands owed to the government was solely a tax liability and did not include the imposition of any penalties.

ment's motion to stay proceedings, the Statlands also filed a petition in the tax court pursuant to § 7422(e). In the petition, they requested a redetermination of the IRS's conclusion that the Statlands owed $4,023 to the IRS for tax year 1976.

On September 13, 1993, the district judge issued a memorandum and order in which he rejected the Statlands' argument that § 7422(e) did not apply, and proceeded to grant the government's motion to stay proceedings pursuant to § 7422(e). The magistrate judge found that "the hearing of the [taxpayer's suit]" had not yet occurred, specifically noting that "in the instant case it cannot be concluded that any type of substantive hearing has taken place with respect to the merits of the Statlands' case.... None of the [three status conferences] could be argued to have substantively determined any of the issues in the pending litigation or raised any arguments as to *res judicata.* Thus I have concluded that a hearing has not taken place for purposes of [§ 7422(e) ]." Pursuant to the magistrate judge's order, the stay remained in effect until November 1, 1993.

On June 27, 1994, before the tax court had ruled on the Statlands' petition for a redetermination of the IRS assessment, the government moved to dismiss the Statlands' district court case for lack of jurisdiction, and the Statlands opposed the motion. Both parties relied upon the language of § 7422(e), and in particular both parties relied on the provision (cited earlier) which states as follows:

> [i]f the taxpayer files a petition with the Tax Court, the district court ... shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund.

In support of their request for dismissal, the government alleged that because the Statlands filed their August 23, 1993, petition in the tax court (requesting a redetermination of the IRS's asserted deficiency in the 1976 tax payment), the Statlands

had chosen to litigate in the tax court, and § 7422(e) mandated that the district court had lost jurisdiction over the Statlands' lawsuit.

The Statlands argued that the district court lost jurisdiction over their suit *only* to the extent jurisdiction was acquired by the tax court over the subject matter of the district court case. Specifically, the Statlands claimed that they petitioned the tax court to determine issues relating solely to the IRS's adjustment reducing the 1979 investment tax credit which the Statlands had credited toward the 1976 tax year. Their district court case, on the other hand, contemplated an entirely different subject matter; namely, the adjustment to the Statlands' share of partnership income as well as their entitlement to an additional exemption for a dependant. The Statlands claimed that the tax court case and the district court case were separate and distinct and dealt with a different "subject matter" under § 7422(e), thus the district court was not divested of jurisdiction over their district court case.

The magistrate judge disagreed with the Statlands' attempt to distinguish the cases and granted the government's motion to dismiss. The judge found that "[d]espite the Statlands' attempts to separate the various components of their federal income tax liability for 1976, the primary issue is whether these components combine to realize a loss or instead establish that a deficiency was due that year." The court further noted that the Statlands' district court complaint demonstrated that they had attempted to carry their 1979 unused investment tax credit back to 1976, and thus the issues surrounding the 1979 credit actually bore upon whether the Statlands owed taxes for tax year 1976. Finally, the magistrate judge found that "the Statlands may pursue their suit as to such a single claim in the District Court or the Tax Court, but they cannot litigate in both. *Flora v. United States,* 362 U.S. 145, 166, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960)." The judge concluded that when

the Statlands chose to petition the tax court for a redetermination of the IRS's asserted deficiency, the clear language of § 7422(e) effectively divested the district court of jurisdiction over "all possible issues controlling the determination of the amount of tax liability for [1976]." Based on these findings, the magistrate judge granted the government's motion to dismiss the Statlands' court case in its entirety, and the case proceeded in the tax court. The Statlands now appeal the dismissal of their district court case.

## ISSUES

On appeal, the Statlands raise three issues:

(1) whether the magistrate judge properly found that the three status conferences before the district court and the magistrate judge did not constitute "the hearing" of the Statlands' taxpayer refund suit for purposes of 26 U.S.C. § 7422(e);

(2) whether the magistrate judge correctly determined that the tax court had acquired jurisdiction over the entire subject matter of the Statlands' district court taxpayer refund suit for purposes of 26 U.S.C. § 7422(e); and

(3) whether the dismissal of the Statlands' lawsuit unconstitutionally deprived them of their Seventh Amendment right to a jury trial.

## DISCUSSION

█ This Court reviews *de novo* the district court's dismissal for lack of jurisdiction. *See Deveraux v. City of Chicago*, 14 F.3d 328, 330 (7th Cir.1994). The court must take all well-pleaded allegations in the plaintiffs' complaint as true and draw all reasonable inferences in favor of the plaintiffs. *See Rueth v. United States Envtl. Protection Agency*, 13 F.3d 227, 229 (7th Cir.1993).

I. *Whether the magistrate judge properly found that the three status conferences before the district court and the magistrate judge did not constitute "the hearing" of the Statlands' taxpayer refund suit for purposes of 26 U.S.C. § 7422(e).*

█ Section 7422(e) requires the district court to stay proceedings in a taxpayer refund suit only if the IRS mails to the taxpayer a Notice of Deficiency "*prior to* the hearing of [the taxpayer's district court suit]...." (Emphasis supplied.) The Statlands allege that the IRS's June 4, 1993, Notice of Deficiency was mailed following, *not prior to*, the three "hearings" that occurred in the district court. The Statlands contend that because the Notice of Deficiency was not mailed until *after* these three hearings were conducted, the provisions of § 7422(e) are totally inapplicable to this case. If § 7422(e) is inapplicable, then the trial court was not divested of jurisdiction over the case, and dismissal was improper.

It is undisputed that between the time that the Statlands filed their district court complaint and the time the IRS mailed the Notice of Deficiency on June 3, 1993, the parties engaged in a total of three meetings. Over the course of these conferences, the parties entered their initial appearances, consented to a magistrate judge presiding over the case, discussed the Statlands' option to appeal a decision by the magistrate judge, and set discovery deadlines. In addition, in the third conference, Mr. Statland (who represented himself in these proceedings) mentioned that he was involved in a separate, ongoing tax court proceeding which potentially impacted their claims. The judge did not respond to Mr. Statland's comment in any manner. Over the entire course of these three meetings, not one of the substantive legal issues raised in the Statlands' district court case was considered by the court. We are called upon to consider whether these meetings constitute "the hearing of [the taxpayer's district court suit]" as used

in § 7422(e), such that the Statlands properly contend that the government failed to send the Notice of Deficiency "prior to the hearing" of the district court case. If so, they argue, the district court was not required to stay proceedings, not deprived of jurisdiction over their case, and should not have dismissed their case.

In finding that § 7422(e) required a stay of proceedings in the Statlands' district court case, Magistrate Judge Guzman found that "[n]one of these three appearances substantively determined any of the issues in the pending litigation or raised any arguments as to *res judicata*. Thus I have concluded that a hearing has not taken place for purposes of 26 U.S.C. § 7422(e)." After reviewing the transcripts contained in the record, we agree with the magistrate judge's conclusion that as a factual matter, none of the three meetings even explored, much less determined, any of the substantive issues being disputed in the Statlands' refund suit. Moreover, the record does not reflect that either the district judge or the magistrate judge entered any judgments which could constitute *res judicata* as to other issues in the controversy.

The key to ruling upon the Statlands' claim is to decipher what exactly Congress meant by the phrase "prior to *the hearing of* [the taxpayer's district court suit]" as contained in § 7422(e). The Statlands argue that the term "hearing" is broadly construed and does not require that a trial occur. The government, on the other hand, alleges that "the hearing" of the case is equivalent to "the trial" of the case.[4] The proper interpretation of the phrase "the hearing" as used in § 7422(e) was recently addressed in *Brown v. Commissioner*, 71 T.C.M. (CCH) 2301 (1996). In that case, petitioner Brown filed a complaint with the United States Court of

Federal Claims concerning his tax liabilities for the tax years 1990 and 1991. The IRS then sent the petitioner a Notice of Deficiency, alleging that he failed to report income for tax years 1990 and 1991. Brown wanted to contest the determinations made by the IRS, and filed a petition for a redetermination with the United States tax court pursuant to § 7422(e). Thereafter, petitioner Brown argued that the tax court was without jurisdiction to hear the case. The tax court judge disagreed, and found that:

> To avoid concurrent jurisdiction over cases involving the same taxable year, Congress enacted section 7422(e).... Subsection (e) does not apply if the case in the Court of Federal Claims or the District Court ... has already proceeded to a hearing, that is, to actual trial. (Citations omitted). The main thrust of section 7422(e) is to prevent two courts from having jurisdiction of the same taxable year at the same time. *Flora v. United States*, 362 U.S. 145, 166, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).... [I]f the taxpayer files a petition with the Tax Court before a hearing takes place in the refund suit, then the refund suit is stayed. Since [the IRS] filed a notice of deficiency *prior to the actual trial in the case* before the Court of Federal Claims, ... this Court does have jurisdiction over petitioner's 1990 and 1991 taxes as determined in the notice of deficiency. (Emphasis added.)

In the case under consideration, the Statlands' district court case has not proceeded to an actual trial as is required by the *Brown* decision. The three district court meetings could not even remotely be interpreted as "actual trials"; rather, the transcripts of proceedings reveal that these meetings were mere status confer-

---

**4.** The Statlands state that a "hearing" is frequently used to describe "whatever takes place before magistrates clothed with judicial functions ... at any stage of the proceedings subsequent to its inception." (Quoting *Menard v. Bowman Dairy Co.*, 296 Ill.App. 323,

15 N.E.2d 1014, 1015 (Ill.Ct.App.1938)). But the Statlands' case involves a federal statute utilizing the phrase "*the* hearing," not "*a* hearing." As such, the *Menard* case does not help us decipher what Congress meant when it referred to "the hearing" in § 7422(e).

ences wherein none of the issues which would be disputed at trial were even touched upon. Where the case has not proceeded to actual trial, "a claimant is given the option of pursuing his suit in the District Court or in the tax court, but he cannot litigate in both." *Flora*, 362 U.S. at 166. We agree with the *Brown* court's reasoning, and hold that once the Statlands opted to litigate in tax court, the magistrate judge was bound to apply § 7422(e). We further hold that the magistrate judge followed the clear mandate of § 7422(e) when he stayed the district court proceedings and later dismissed the case.

II. *Whether the magistrate judge correctly determined that the tax court had acquired jurisdiction over the entire subject matter of the Statlands' district court taxpayer refund suit for purposes of 26 U.S.C. § 7422(e).*

Section 7422(e) specifies that where a taxpayer has filed a petition with the tax court, the district court in which the action is pending loses jurisdiction over the taxpayer's suit "to *whatever extent* jurisdiction is acquired by the tax court *of the subject matter* of the taxpayer's suit for a refund." 26 U.S.C. § 7422(e) (emphasis added). The magistrate judge found that the tax court acquired jurisdiction over "all possible issues controlling the determination of the amount of tax liability for the year in question [1976]. . . ."

■ The Statlands argue that under § 7422(e), the tax court does not simply usurp jurisdiction *over the entire subject matter* of the Statlands' district court claim. Rather, they contend that § 7422(e) permits them to proceed in both the United States District Court for the Northern District of Illinois and the United States Tax Court because each court is examining *a different subject matter* af-

fecting the Statlands' 1976 tax situation. Specifically, the Plaintiffs–Appellants contend that the tax court is dealing with the narrow issue of whether a tax investment credit from 1979 was properly carried back to their 1976 taxes. The district court, on the other hand, is primarily concerned with the Statlands' refund action claims concerning their distributive share of partnership income and their entitlement to an additional exemption for a dependant in 1976.

■ We disagree with the Statlands' argument that they are permitted to litigate these issues in separate fora. The Statlands admit that the taxpayer refund suit they initiated in district court, as well as the petition (for a redetermination of the IRS assessment) that they filed with the tax court, center around whether or not they are entitled to a refund from the federal government for overpayment of their income taxes for tax year 1976. The Notice of Deficiency sent by the IRS stated that the Statlands owed $4,023 for tax year 1976.[5] The Statlands' original district court action alleged that they had overpaid for the tax year 1976. Thus, both the Notice of Deficiency (which the Statlands challenged in tax court), and the Statlands' complaint (which they filed in the district court), involved only tax year 1976. It is a well-established principle that each tax year is the origin of a new liability and, more importantly for purposes of the instant case, a separate cause of action. *See Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Thus, "in federal tax litigation, one's total income tax liability for each taxable year constitutes a single, unified cause of action, regardless of the variety of contested issues and points that may bear on the final computation." *Finley v. United States*, 612 F.2d 166, 170 (5th

---

**5.** As mentioned previously, the notice also . noted that when the Statlands had originally filed their 1976 return, they had carried back unused investment credit from tax year 1979 to their 1976 tax assessment. However, due to adjustments made in the Statlands' taxable income in 1979, there was actually no investment credit available to be carried back to 1976.

Cir.1980). We agree with the magistrate's conclusion that:

> [t]he Tax Court acquired jurisdiction ... over the subject matter of the refund as it referred to the cause ... of action involved in the deficiency notice. This included all possible issues controlling the determination of the amount of tax liability for [1976] whether or not raised by the deficiency notice. The Tax Court therefore acquired jurisdiction over any matter concerning an adjustment to the Statlands' 1976 tax liability.

Under § 7422(e), the Statlands were authorized to pursue the suit surrounding the 1976 tax payments in either the district court or the tax court, but not both. *See Flora,* 362 U.S. at 166. Once the Statlands chose to file a petition in the tax court for a redetermination of the 1976 deficiency alleged by the IRS, the Statlands effectively opted to litigate all issues surrounding their 1976 taxes in the tax court instead of the district court, not in two separate venues at the same time. Section 7422(e) was enacted precisely to avoid concurrent jurisdiction over cases involving the same taxable year. *See Brown,* 71 T.C.M. (CCH) 2301 (1996). Congress's goal in enacting § 7422(e) was laudable, for as we have often noted, the federal courts are overburdened enough without affording parties the luxury of litigating the same case in two different courts. *See, e.g., Dunn v. Peabody Coal Co.,* 855 F.2d 426, 429 (7th Cir.1988) (praising legislation which limited plaintiff's remedy to a single proceeding and thus "cuts down on the already heavy caseload of our overburdened court system.").[6]

We hold that the clear language of § 7422(e) should have made the Statlands aware of the consequences of their decision to file the petition for a redetermination, and the magistrate judge correctly concluded that once the Plaintiffs chose the tax court venue, the district court was deprived of jurisdiction over the case.

III. *Whether the dismissal of the Statlands' lawsuit unconstitutionally deprived them of their Seventh Amendment right to a jury trial.*

The Statlands' last point of contention is that the district court's dismissal of the Statlands' district court lawsuit unconstitutionally deprives them of their Seventh Amendment right to trial by jury. When the Statlands filed their complaint in the district court, they demanded a jury trial. However, when they filed a petition in the tax court and divested the district court of jurisdiction, their case was dismissed and their request for a trial before a jury was extinguished. The Statlands allege the dismissal thus infringes their Seventh Amendment right to a jury trial. We disagree.

Initially, we note that the Statlands could have had a jury trial by opting not to file a tax court petition. *See Olshausen v. Commissioner,* 273 F.2d 23, 27 (9th Cir. 1959) (taxpayer's deprivation of his "right to a jury trial" resulted from his own act of filing tax court petition). But once the Statlands' elected to litigate their case in the tax court, the district court was without jurisdiction, and thus there could be no trial in the district court, whether before a judge or a jury. The question, then, is whether the Statlands were entitled to a jury trial in the tax court. We note that the right to a jury trial does not apply to civil actions against the United States. *See McElrath v. United States,* 102 U.S. (12 Otto) 426, 440, 16 Ct.Cl. 630, 26 L.Ed. 189 (1880); *see also Atlas Roofing Co. v. OSHRC,* 430 U.S. 442, 450–51, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977). Our Circuit and others have held that there is no right to a jury trial in the tax court. *See Coleman v. Commissioner,* 791 F.2d 68, 71 (7th

---

6. Other benefits are gained if the Statlands' case is resolved in one forum. These include conserving judicial time and resources, providing convenience to witnesses involved in the litigation, and easing the financial burden that would be placed upon the government if it was required to litigate two separate cases.

Cir.1986); *McCoy v. Commissioner*, 696 F.2d 1234, 1237 (9th Cir.1983); *Funk v. Commissioner*, 687 F.2d 264, 266 (8th Cir. 1982); *Blackburn v. Commissioner*, 681 F.2d 461, 462 (6th Cir.1982); *Mathes v. Commissioner*, 576 F.2d 70, 71 (5th Cir. 1978). The Statlands were not unconstitutionally deprived of their Seventh Amendment right to trial by jury.

AFFIRMED.