James E. BROWN, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 02–1630.

United States Court of Appeals, Sixth Circuit.

Dec. 19, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District Judge.*

*ORDER*

James E. Brown appeals pro se from a decision of the tax court that dismissed a "Petition for Lien or Levy Action," which he had filed under 26 U.S.C. § 6330(d)(1)(A). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, we unanimously agree that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The Internal Revenue Service ("IRS") notified Brown of a deficiency in 1995, alleging that he had not reported an award of back pay as taxable income. Brown filed a petition in the tax court contesting his tax liability under 26 U.S.C. § 6213(a).

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

The tax court held, *inter alia*, that the back pay was taxable, that the deficiency notice was timely, and that issuing a refund did not bar the IRS from asserting a deficiency. *Brown v. Commissioner*, 74 T.C.M. (CCH) 1449, 1451–54 (1997), *aff'd*, No. 98–1444, 1999 WL 283903 (6th Cir. Apr.27, 1999) (unpublished), *cert. denied*, 528 U.S. 967, 120 S.Ct. 406, 145 L.Ed.2d 316 (1999).

In September 2000, the IRS issued to Brown a Final Notice of Intent to Levy and Notice of Right to a Hearing. Brown petitioned the district court for a due process proceeding regarding the collection. The district court properly dismissed the petition, as the tax court had jurisdiction over his claims. *See* 26 U.S.C. § 6330(d)(1). Brown did not file a timely appeal from that judgment, and it is not directly at issue here.

Instead, Brown filed a petition in the tax court under § 6330, challenging the manner in which his tax deficiency had been determined and assessed. The tax court dismissed the case on November 5, 2001, ruling that these claims were not cognizable under § 6330(c)(2)(B). Brown appealed that judgment to the United States Court of Appeals for the District of Columbia Circuit, and the appeal was transferred to our court because he is a legal resident of Tennessee.

We review the tax court's legal conclusions *de novo*, while examining its factual findings for clear error. *See Zack v. Commissioner*, 291 F.3d 407, 412 (6th Cir. 2002).

Brown argues that the tax court lacked jurisdiction over his current petition because his case involves the validity of a levy to collect an erroneous refund, under 26 U.S.C. § 6330(d)(1)(B). This argument is precluded by the tax court's decision in his prior case, which held that "the Commissioner may proceed through the defi-ciency route where there has been an erroneous refund as in this case." *Brown*, 74 T.C.M. (CCH) at 1451 (collecting cases). Thus, Brown is estopped from relitigating that issue here. *See Montana v. United States*, 440 U.S. 147, 152–53, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

Brown also argues that this court is not the proper venue for his appeal because he was a resident of Germany in 1995, when a petition for a redetermination of his tax liability was filed. As proof of his German residency he relies on a prior Court of Claims decision regarding his employment expenses for 1971 where that court found he was living in Germany at the time of his employment by the United States Army. However, that decision indicates that he was a legal resident of Tennessee, even though his actual residence was in Germany. *Brown v. United States*, 741 F.2d 1374, 1376 (Fed.Cir.1984). Thus, Brown's argument fails because venue for appellate review of the tax court's decision depends on his legal residence. *See Estate of Israel v. Commissioner of IRS*, 159 F.3d 593, 595 (D.C.Cir.1998).

Brown's remaining arguments all challenge the statutory propriety or constitutionality of the Commissioner's determination of a tax deficiency. However, Brown was notified of this deficiency and he had an ample opportunity to contest it in the prior action that he had filed under § 6213(a). Thus, the tax court properly determined that these types of claims were not cognizable in the due process collection action that he filed under § 6330. *See* 26 U.S.C. § 6330(c).

Accordingly, for these reasons and those stated in its opinion, the tax court's decision is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.